■ ROBERTA LOECHER, Respondent, v. GERALD S. LOECHER, Appellant.— In a motion to punish for contempt for failure to pay alimony and child support pursuant to a divorce decree, defendant appeals from an order of the Supreme Court, Nassau County, entered January 30, 1974, which adjudged defendant in contempt of court; directed entry of a money judgment for arrears in the sum of $22,365 of which sum $7,128 was directed to be placed by plaintiff in a trust bank account for the benefit of Clayton Loecher, one of the infant issue of the parties; awarded counsel fees of $5,000 to plaintiff's attorney; and which denied defendant's cross motion to punish plaintiff for contempt and for ancillary relief. Order modified, on the law, by deleting the fifth, sixth, seventh, eighth, ninth and thirteenth decretal paragraphs relating to findings that defendant is in contempt of court and in place thereof the following is to be substituted: " Ordered and adjudged that plaintiff's motion with respect to punishing defendant for contempt is denied; and it is further ordered and adjudged that defendant give security for the payment of the sums of money due and to become due under the judgment in this action entered on April 12, 1972 for the support of plaintiff and for the education and maintenance of the children of the marriage of plaintiff and defendant, in an amount to be determined by Supreme Court, Nassau County upon motion therefor to be duly made by plaintiff; and it is further ordered and adjudged that within 20 days after entry of the order on said motion fixing the amount of such security the defendant shall furnish and file in the office of the Clerk of the County of Nassau an undertaking in said amount with a surety company as surety thereon conditioned for the payment of arrears then owing by defendant and for the payment from time to time of the sums of money required to be paid under the aforesaid judgment, such undertaking to be approved as to form and sufficiency of the surety thereon by this court, and it is further ordered that in the event of the failure of defendant to furnish said security, plaintiff or her attorney shall be entitled upon proof of due and timely service of a copy of this order on defendant, and proof of the failure of defendant to comply therewith, to an order of commitment with notice to defendant by order to show cause directed to the Sheriff of this or any other county to take and commit defendant to the jail of his county and there detain until such security is fur-

nished, or until otherwise discharged according to law." As so modified, order affirmed, without costs. The findings that defendant was in contempt of court and therefore subject to commitment were improper because the record does not indicate that sequestration of defendant's property would have been ineffectual (Domestic Relations Law, § 245). However the record clearly shows plaintiff is entitled to an order directing defendant to give reasonable security in an amount to be fixed by Special Term on motion therefor to be duly made by plaintiff. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.