■ ERWILL REALTY CORP., Appellant, v ANNA FERTITTA, Individually and as Executrix of DOMINICK FERTITTA, Deceased, et al., Respondents, et al., Defendant. — Order of the Supreme Court, Nassau County (Berman, J.), dated February 23, 1984, affirmed, with costs. No opinion.

Costs are being assessed, despite the absence of a respondents' brief, because the appeal is spurious. Thompson, J. P., Bracken, Boyers and Lawrence, JJ., concur.

■ MARILYN HASKELL, Appellant, v JEROME HASKELL, Defendant. GRAN PRIX AUTO WHOLESALERS, INC., Nonparty Respondent. — In a matrimonial action, plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Miller, J.), dated July 22, 1983, as granted Gran Prix Auto Wholesalers, Inc.'s (Gran Prix) motion to quash a subpoena duces tecum to the extent that the corporate records to be produced at a deposition of Gran Prix were limited to certain items.

Order reversed insofar as appealed from, without costs or disbursements, and Gran Prix's motion is denied in its entirety. The deposition and production of documents shall proceed at Special Term (Part II) at a time to be fixed in a written notice of not less than 20 days to be given by plaintiff, or at such other time and place as the parties may agree.

In this divorce action, the defendant husband is an employee and minority (one-third) shareholder of the corporation from which the plaintiff wife seeks disclosure. Under the circumstances of this case, and in view of the broad disclosure of finances allowable under the Equitable Distribution Law, Special Term should have allowed discovery of all corporate financial records from the inception of the corporation, which postdates the marriage of the parties (see *Kaye v Kaye*, 102 AD2d 682). Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.