■ MARIAN WIGGINS, Respondent, v RICHARD WIGGINS, Appellant.—In a proceeding pursuant to Domestic Relations Law § 244 for alimony and child support arrears, the husband appeals from an order of the Supreme Court, Westchester County (Martin, J.), entered July 10, 1985, which granted the petitioner wife leave to enter a money judgment against the husband in the principal amount of $20,835.39, awarded her counsel fees of $750, and directed that a hearing be held on her application to punish the husband for contempt.

Order modified, on the law and the facts, by (1) deleting the figure "$20,835.39", and substituting therefor the figure "$5,745", representing the amount of alimony and child support arrears, (2) deleting the provision thereof which awarded the wife counsel fees, and (3) deleting the provision thereof which directed that a hearing be held on the wife's application to punish the husband for contempt, and substituting therefor a provision denying her application to punish the husband for contempt. As so modified, order affirmed, with costs to the appellant, and matter remitted to the Supreme Court, Westchester County, for a hearing on the wife's application for leave to enter a money judgment against the husband for medical and college expenses, and for attorneys' fees.

The husband failed to show good cause for his default in alimony and child support payments due pursuant to a judgment of divorce dated December 10, 1975. Domestic Relations Law § 244 directs the court, upon application, to grant leave to enter a money judgment for those arrears. The alleged oral modification of the divorce judgment is unenforceable as the husband has not established that it was supported by valuable consideration (see, Rehill v Rehill, 306 NY 126). However, a hearing is necessary to resolve issues of fact raised by the husband with regard to unpaid arrears of medical and college expenses claimed by the wife (see, Salvati v Salvati, 37 AD2d 858).

The wife's application for counsel fees was improperly granted based solely on the request in the petition (see, Weinberg v Weinberg, 95 AD2d 828). Her application to punish the husband for contempt pursuant to Domestic Relations Law § 245 should have been denied as there was no evidence

that payment of the arrears could not be enforced by other remedies *(see, Covello v Covello,* 68 AD2d 818). Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.