■ JUDITH SNOW, Appellant, v RALPH SNOW, Respondent. [618 NYS2d 442] —In an action for a divorce and ancillary relief, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Nassau County (Robbins, J.), dated March 17, 1994, which, inter alia, denied the plaintiff's motion to have the defendant held in contempt, and (2) stated portions of an order of the same court dated May 13, 1994, which, inter alia, ordered the completion of stated discovery, granted the separate cross motions by the defendant and the nonparty respondents for a protective order, and set the matter down for trial.

Ordered that the order dated March 17, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 13, 1994, is modified, by (1) deleting the provisions thereof which granted the defendant a protective order with respect to securities and real estate investments, tax returns, business expenses, trusts in which the defendant has an interest, credit card charges, medical and dental benefits, transferred interests in businesses or any other assets, automobiles leased or available to the defendant, W-2 and 1099 IRS forms, and any appointment books concerning business-related or income-producing activi-

ties, and substituting therefor provisions directing the defendant to disclose information through the present with respect to those items, (2) adding thereto a provision directing the defendant to answer, in interrogatory form, whether he currently owns or is covered by any insurance policies, whether he has any interest in any corporations, partnerships, or other business or financial entities, whether he has received or will receive any benefits from employment-related agreements *(e.g.,* pension plans, etc.), whether he has received or will receive any disbursements from an interest in trusts, and whether he owns any heretofore undisclosed personal property, (3) adding thereto a provision directing the defendant to disclose copies of any documents he has submitted to procure credit, either for business or personal loans, and any bank accounts or any other assets retained by financial institutions not previously disclosed, (4) deleting the provisions thereof which granted the motions by All American Metals Corporation, H.J.P. Realty Corporation, and W.B.R. Realty, for protective orders, and substituting therefor provisions (a) directing All American Metals Corporation to disclose to the plaintiff, via a responsible officer or employee, what, if any, agreements exist between it and the defendant, whether the defendant has a medical or dental insurance plan with it, and to supply the plaintiff with a copy of the corporate tax returns for the years 1985 through the present, as well as all checks issued to the defendant concerning the buy-out of his interest in the corporation which have not yet been disclosed, and (b) directing H.J.P. Realty Corporation, W.B.R. Realty, and P.H.J. Associates to supply the plaintiff, via a responsible officer or employee, with a copy of all corporate tax returns for the years 1985 through the present, (5) adding thereto a provision reinstating the subpoena concerning Shacker Realty, and (6) adding thereto a provision granting the plaintiff leave to move for permission to serve additional subpoenaes upon nonparties; as so modified, the order dated May 13, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the appellant is awarded one bill of costs; and it is further,

Ordered that the defendant and any nonparties affected by this decision and order are directed to complete discovery within 60 days after service upon them by the plaintiff of a copy of this decision and order, with notice of entry.

The plaintiff wife contends that the defendant husband should be held in contempt pursuant to Domestic Relations Law § 245 for failing to make court-ordered pendente lite

payments of maintenance and interim attorneys' fees. However, one prerequisite to the imposition of this harsh remedy is that the movant exhaust the less drastic enforcement remedies available under Domestic Relations Law §§ 243 and 244, CPLR 5241 and 5242 *(see,* Domestic Relations Law § 245; *Wiggins v Wiggins,* 121 AD2d 534; 3 New York Practice Guide, Domestic Relations, § 44.11 [2]). In this case, the plaintiff has wholly failed to make the requisite showing. Further, it cannot be said that resorting to such remedies would be ineffectual *(see,* Domestic Relations Law § 245; 3 New York Practice Guide, Domestic Relations, § 44.11 [2]). To the contrary, the record indicates that the defendant has assets within the jurisdiction which are sufficient to satisfy the arrearages accumulating on the pendente lite order *(see, Loecher v Loecher,* 45 AD2d 1019; 3 New York Practice Guide, Domestic Relations, § 44.11 [2]). Thus, we conclude that the plaintiff's motion to hold the defendant in contempt was properly denied.

The plaintiff further contends that the Supreme Court improperly issued protective orders limiting her discovery from the defendant and the various business entities in which he had sold his interests. We find that the plaintiff's argument has merit and, accordingly, the protective order issued in favor of the defendant requires modification. First, because the spouse is entitled to discovery of assets up until the date of trial *(see, Wegman v Wegman,* 123 AD2d 220; *Lee v Lee,* 93 AD2d 221; 1 New York Practice Guide, *op cit.,* § 12.02 [3] [a]), the defendant is ordered to update the following information through the present: securities and real estate investments, tax returns, business expenses, trusts in which the defendant has an interest, credit card charges, medical and dental benefits, transferred interests in businesses or any other assets, automobiles leased or available to the defendant, W-2 and 1099 IRS forms, and any appointment books concerning business-related or income-producing activities. Further, the defendant is ordered to answer the following questions in interrogatory form: whether he currently owns or is covered by any insurance policies, whether he has any interest in any corporations, partnerships, or other financial or business entities, whether he has received or will receive any benefits from employment-related agreements *(e.g.,* pension plans, etc.), whether he has received or will receive any disbursements from an interest in trusts, and whether he owns any heretofore undisclosed personal property. Concerning these questions, we stress that the answer "N/A," a common shorthand

for the phrase "not applicable," is not the equivalent of the answer "no" and is not an appropriate response to any of the questions listed. Further, the defendant must disclose any documents he has submitted to procure credit, either for business or personal loans, and any bank accounts or any other assets retained by financial institutions not previously disclosed.

Similarly, the protective orders issued in favor of the non-party-respondents, All American Metals Corp., H.J.P. Realty Corp., W.B.R. Realty, and P.H.J. Associates, require modification. First, we direct that a responsible officer or employee of All American Metals Corporation reveal any agreements between it and the defendant, and whether the defendant has a medical or dental insurance plan with it. Second, because the plaintiff is entitled to discover the value of the defendant's interest in a closely-held corporation and to challenge the bona fides of his sale of such interests (see, Rosenberg v Rosenberg, 126 AD2d 537; Haskell v Haskell, 104 AD2d 394; Kaye v Kaye, 102 AD2d 682; Ruggiero v Ruggiero, 100 AD2d 875; Lee v Lee, 93 AD2d 221, supra; 1 New York Practice Guide, Domestic Relations, § 12.02 [3] [b] [i]), we direct that a responsible officer or employee of All American Metals Corporation supply the plaintiff with a copy of the corporate tax returns for the years 1985 through the present, as well as all checks issued to the defendant concerning the buy-out of his interest in the corporation which have not yet been disclosed. We note that the ordering of this disclosure vitiates the need for further deposition testimony from Bernard Pechter. Third, we direct a responsible officer or employee of H.J.P. Realty Corporation, W.B.R. Realty, and P.H.J. Associates to supply the plaintiff with a copy of all corporate tax returns for the years 1985 through the present.

In addition, although the court properly quashed the subpoena served by the plaintiff on Chemical Bank, the subpoena served upon Shacker Realty sought information both relevant and necessary to the proceeding that was not otherwise in the possession of the parties. Accordingly, the subpoena concerning Shacker Realty should be reinstated.

We also modify the injunction preventing the plaintiff from serving any additional nonparties to the action with subpoena so as to allow such service upon leave of the Supreme Court.

Finally, the plaintiff's argument that the court improperly set a cut-off date for discovery and a date for trial is rendered academic by the fact that both dates have since passed.

However, in view of the history of this case, we order that all disclosure covered by this order be completed within 60 days after service by the plaintiff of this decision and order upon the defendant and the various nonparties affected. Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.