■ C. WILLIAM WUESTENHOEFER, Appellant, v FRIEDLANDER/WUESTENHOEFER, INC., et al., Respondents. [624 NYS2d 195] —In an action, *inter alia,* to recover sums due pursuant to the sale of business assets, the plaintiff appeals, as limited by his brief, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County (Hopkins, J.H.O.), entered October 27, 1993, which is in favor of the plaintiff and against the defendants in the principal sum of $173,545.67.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The instant action arises from the sale of the assets of an insurance agency by the appellant to the respondents Adam Friedlander and Bertram Friedlander. Specifically, the appellant entered into an agreement to sell the Friedlanders those assets which consisted of existing accounts representing insurance policies for which he had earned commissions. As part of the agreement, the Friedlanders agreed to assume responsibility for the expenses of the agency during an "interim period" from January 1, 1985, until the closing, which took place on March 22, 1985. The appellant agreed that during that period he would continue to operate the insurance business, and commissions he received during this period were to be offset against expenses incurred in the operation of the business.

Following the closing the entity formed to facilitate the sale, Friedlander/Wuestenhoefer, Inc., received commissions on so-called "dealer cover" policies, which had been issued in 1984 and for which premiums had been received by the appellant. However, after the closing, an audit of those policies determined that additional premiums were due, resulting in additional commissions owed. The agreement provided, *inter alia,* that the respondents would pay to the appellant "45% of

commissions, less returns, on all renewals in this [dealer cover] group commencing from the date of closing and continuing for a period of five years thereafter". When the respondents received those additional commissions they sent 45% of the proceeds to the appellant and retained 55%.

We find that the Supreme Court, in its accounting and in its decision dated January 20, 1993, properly determined that the appellant was entitled to 45% of the dealer cover commissions on 1984 and pre-closing 1985 policies at quarterly periods only after the renewal of those policies. In addition, the court properly applied the same interpretation to all commissions received after January 1, 1985.

The intent and objectives of parties to an agreement, and the nature of the rights created or granted, should be ascertained by the reasonable construction of the language used (see, Addison v Addison, 192 AD2d 334; 22 NY Jur 2d, Contracts, § 197). The decision of the fact-finder should not be disturbed on appeal unless that decision could not have been reached by any fair interpretation of the evidence (see, Thoreson v Penthouse Intl., 80 NY2d 490). Here, the court properly found the language of the agreement to be clear and unambiguous relative to the respondents' obligation to pay "45% of commissions less returns on all renewals", including renewals of the dealer cover policies.

We have considered the remaining contentions by the appellant and find they are without merit. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.