■ SHERRY BURNS, Respondent-Appellant, v JAMES BURNS, Appellant-Respondent. [734 NYS2d 616] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Skelos, J.), dated September 22, 2000, which, *inter alia,* granted the plaintiff's motion to hold him in contempt for noncompliance with certain provisions of previous orders of the same court dated April 6, 2000, and April 18, 2000, respectively, directed him to pay the plaintiff $34,818 in arrears, and directed him to make temporary maintenance and child support payments, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is modified by deleting the provision thereof directing the defendant to pay the plaintiff $34,818 in arrears, and substituting therefor a provision directing the defendant to the plaintiff $26,112 in arrears; as so modified, the order is affirmed, with costs payable to the defendant.

Contrary to the defendant's contentions, the Supreme Court properly found him to be in contempt for his noncompliance with previous orders of the court directing him to make certain payments to the plaintiff by May 1, 2000. In light of the defendant's history of dubious financial dealings, such as his ability to charge numerous personal luxury items and expenses to his company as business expenses without reporting the same as income, enforcement of the Supreme Court's prior orders by less drastic means such as sequestration or an income deduction order would be ineffectual (*see, Snow v Snow,* 209 AD2d 399; *Wiggins v Wiggins,* 121 AD2d 534).

While the Supreme Court may have erred in concluding that the defendant's company lost a major client in 1999 as opposed to April 2000, the record sufficiently supports its findings in connection with maintenance, child support, and mortgage payments, and we perceive no reason to disturb such awards on appeal. However, in light of the plaintiff's exhibits submitted at the hearing which demonstrate that the defendant paid a total of $14,725 to the plaintiff in connection with the Supreme Court's prior orders, $8,706 of which it failed to credit payment by the defendant, we reduce the award by such amount. Friedmann, J. P., Smith, Adams and Townes, JJ., concur.