■ DEBORAH L. BARINKA, Respondent, v FREDERICK L. BARINKA, Appellant. [753 NYS2d 135] —In a matrimonial action in which the parties were divorced by judgment dated October 29, 1990, the defendant appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated January 28, 2002, which granted the plaintiff's motion to hold him in contempt for failure to comply with the parties' separation agreement, directed his incarceration for 15 days in the Orange County Correctional Facility, ordered him to pay the plaintiff's attorney's fee of $2,500, and permitted him to purge himself of the contempt by immediately changing the beneficiary of his annuity to the plaintiff or paying directly to the plaintiff an amount equal to the current balance in the subject account.

Ordered that the order is modified, on the law, by deleting the provision thereof permitting the defendant to purge himself of the contempt by immediately changing the beneficiary of his annuity to the plaintiff or paying directly to the plaintiff an amount equal to the current balance in the subject account and substituting therefor a provision allowing the defendant to purge himself of the contempt by naming the parties' children as beneficiaries of his annuity; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the defendant's time to purge himself of the contempt by naming the parties' children as beneficiaries of his annuity is extended until 90 days after service upon him of a copy of this decision and order.

The Supreme Court held the defendant in contempt for failure to name his children as beneficiaries of an annuity plan held by his union. "In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Goldsmith v Goldsmith,* 261 AD2d 576, 577; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216). The purpose of requiring the defendant to name his children as beneficiaries in his annuity plan was to provide for his agreed-upon portion of his children's college expenses. The Supreme Court correctly held that the defendant wilfully violated a clear and unequivocal court order thereby prejudicing the plaintiff's rights. Therefore, the Supreme Court properly held the defendant in contempt.

However, the defendant correctly asserts that the agreement between the parties provided that the parties' children be named as beneficiaries of his annuity fund and that the annuity would be payable to the children only in the event of his

death (*see generally Wuestenhoefer v Friedlander/ Wuestenhoefer, Inc.,* 213 AD2d 632). Therefore, the Supreme Court should have required the defendant to change the beneficiaries of the annuity to the parties' children, not the plaintiff, in order to purge the contempt. Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.