█ JOAN E. EVANS, Respondent-Appellant, v BRET EVANS, Appellant-Respondent. [802 NYS2d 468]—

In an action for a divorce and ancillary relief, the defendant appeals from two orders of the Supreme Court, Suffolk County (Whelan, J.), both dated November 3, 2003, which denied, as academic, his motions, inter alia, for the return of attorneys' fees paid by him to his former attorneys, from an order of the same court, also dated November 3, 2003, which denied, as academic, his motion, inter alia, for the return of attorney's fees paid by him to the plaintiff's attorney, from an order of the same court, also dated November 3, 2003, which directed that a prior adjudication of contempt be purged upon his payment of $20,790.90, from an order of the same court, also dated November 3, 2003, which denied his motion for the return of law guardian fees he paid, and from stated portions of an order of the same court, also dated November 3, 2003, which, inter alia, denied that branch of his motion which was to impose a sanction against the plaintiff's attorney, and the plaintiff cross-appeals from the latter order.

Ordered that the appeal by the plaintiff is dismissed as abandoned; and it is further,

Ordered that the orders are affirmed insofar as appealed from by the defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the defendant's contention, the Supreme Court did not lack jurisdiction to direct him to pay $20,790.90 to purge his contempt of certain prior orders and to direct the issuance of a money judgment for arrears incurred thereunder, where after the contempt finding was made and after the subject payments were made by him, this action was dismissed pursuant to CPLR 3012 for failure to serve a complaint (*see* Domestic Relations Law § 244; *Burns v Burns*, 289 AD2d 358 [2001]; *Walis v Walis*, 192 AD2d 598 [1993]; *Sass v Sass*, 129 AD2d 622 [1987]; *Faragasso v Faragasso*, 17 Misc 2d 360 [1958]).

The defendant's remaining contentions are without merit. Adams, J.P., Mastro, Lifson and Lunn, JJ., concur.