■ ROBERT CAPURSO, Respondent, v CHRISTINE CAPURSO, Appellant. [878 NYS2d 754]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Genchi, J.), dated September 15, 2008, as granted that branch of the plaintiff's motion which

was for leave to renew those branches of his prior motion which were, inter alia, to direct the sale of the marital residence and to be appointed receiver for the purpose of selling the marital residence and, upon renewal, granted those branches of the motion and, in effect, directed a hearing to determine that branch of the plaintiff's motion which was to hold her in contempt.

Ordered that on the court's own motion, the notice of appeal from so much of the order as, in effect, directed a hearing to determine that branch of the plaintiff's motion which was to hold the defendant in contempt is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for leave to renew and to hold the defendant in contempt are denied; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties, who purchased the marital residence after their marriage, owned the marital residence as tenants by the entirety (*see* EPTL 6-2.2 [b]). At the time the Supreme Court decided the plaintiff's original motion, and at the time the Supreme Court decided that branch of the plaintiff's motion which was for leave to renew, the parties' marriage had not been dissolved. "[B]efore some alteration in the marital relationship, courts lack the authority, absent the consent of the parties, to direct the sale of the marital residence owned by the parties as tenants by the entirety" (*Adamo v Adamo*, 18 AD3d 407, 408 [2005]; *see Kahn v Kahn*, 43 NY2d 203, 209-210 [1977]; *Brevilus v Brevilus*, 41 AD3d 630, 631 [2007]; *Harrington v McManus*, 303 AD2d 368, 369 [2003]; *Kayden v Kayden*, 234 AD2d 345 [1996]; *Walker v Walker*, 227 AD2d 469 [1996]). Under these circumstances, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to renew those branches of his prior motion which were, inter alia, to direct the sale of the marital residence and to be appointed receiver for the purpose of selling the marital residence.

In seeking to have the defendant held in contempt based on her alleged failure to pay child support, the plaintiff failed to allege, much less offer any evidence tending to show, that resort to other, less drastic enforcement mechanisms had been exhausted or would be ineffectual (*see* Domestic Relations Law § 245; *Cooper v Cooper*, 21 AD3d 869, 870 [2005]; *Murray v Murray*, 269 AD2d 433 [2000]; *Feldman v Juliano*, 248 AD2d 430, 431 [1998]; *Snow v Snow*, 209 AD2d 399, 400-401 [1994]). Under these circumstances, the Supreme Court should have

denied, without a hearing, that branch of the plaintiff's motion which was to hold the defendant in contempt (*see Wiggins v Wiggins*, 121 AD2d 534, 534-535 [1986]; *Heitzman v Heitzman*, 105 AD2d 682, 684 [1984]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.