OPINION OF THE COURT
Robert A. Bruno, J.
Defendant moves by order to show cause seeking to hold the plaintiff in contempt of Justice Driscoll’s order dated September 24, 2008 (order), claiming, inter alia, that the plaintiff has willfully failed to pay the college expenses of their daughter for the school year 2010/2011 and for counsel fees.
The plaintiff, JK, an attorney admitted to practice law in the State of New York, submitted his affidavit in opposition. Although the plaintiffs affidavit is 12 pages long, most of his opposition addresses his displeasure with his wife’s and daughter’s lifestyle. However, the plaintiff never alleges that he paid the daughter’s college expenses for the fall 2010 semester and acknowledges the existence of the order. Furthermore, the plaintiff never claims he is financially unable to comply with the order, he only urges this court to order the sale of the marital residence (before the parties are divorced) so that he has the means to pay; but the plaintiff stops short of alleging he is unable to pay the college expenses. For reasons not fully explained *196 to the court, the plaintiff has also stated that his adjusted gross income for 2007 was over $100,000, however, the plaintiff does not indicate what his income was for 2008, 2009 or 2010, or what his expenses are.
“A hearing is not mandated ‘in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone’ (Bowie v Bowie, 182 AD2d 1049, 1050 [1992]; see Matter of Ginther v Ginther, 13 AD3d 1128 [2004]; Matter of Benny v Benny, 199 AD2d 384 [1993])” (Jaffe v Jaffe, 44 AD3d 825, 826 [2d Dept 2007]).
In light of the foregoing, since there are no facts in dispute, the court need not schedule a hearing and shall decide the instant application on the papers submitted.
Background
The parties were married on April 18, 1982 and have three children. Two of the children have already graduated from college and the third child, MK, began college in August 2008 at the University of Rhode Island. On September 24, 2008, Justice Driscoll issued an order directing the plaintiff, JK, to pay six sevenths or approximately 86% of MK’s college expenses and directing the defendant, EK, to pay one seventh or approximately 14% of MK’s college expenses.
Procedural Background
On or about February 9, 2009, defendant moved this court by order to show cause seeking to hold the plaintiff in contempt of court for his deliberate violation of the order. The plaintiff resolved the contempt application, rather than proceed with a hearing, by entering into a “so ordered” stipulation, which provided, inter alia, that the plaintiff pay his share of college expenses. The stipulation provided in relevant part: “plaintiff shall wire directly to the University, of Rhode Island the sum of $20,504.96 as his share of college tuition for the 2008/09 school year for the daughter MK . . . .”
The defendant was again compelled to bring a second order to show cause seeking to hold the plaintiff in contempt of court for failing to pay MK’s college expenses for the second year, 2009/ 2010. Again, after several court appearances, defendant’s second application was resolved when the plaintiff agreed to pay his share of the college expenses rather than proceed with a hearing.
*197 Notwithstanding the two aforementioned motions, defendant was once again compelled to bring a third application adjudging the plaintiff in contempt for failing to pay MK’s college expenses for her third year of college, 2010/2011.
In addition to the foregoing, defendant claims enforcement by any other means is not available because if payment is not made immediately MK will lose her lease and will not be able to attend classes and therefore there are no other available remedies.
A contempt citation is a drastic remedy which should not be granted absent a clear right to such relief. (Pinto v Pinto, 120 AD2d 337 [1st Dept 1986]; Usina Costa Pinto, S.A. v Sanco Sav. Co., 174 AD2d 487 [1st Dept 1991].) A court of record has the power to punish a party for civil contempt, upon a satisfactory showing by the movant that the party against whom the citation is sought had knowledge of a clear and unequivocal court order, which he/she violated, thereby prejudicing the rights of another party to the litigation. (See Judiciary Law § 753 [A] [3]; Dalessio v Kressler, 6 AD3d 57 [2d Dept 2004]; McCain v Dinkins, 84 NY2d 216 [1994].) Criminal contempt, which is aimed to vindicate the authority of the court (see Ketchum v Edwards, 153 NY 534 [1897]), will be supported by the additional showing of wilful disobedience. (McCain v Dinkins, supra; Barinka v Barinka, 301 AD2d 487 [2d Dept 2003]; Pantelidis v Pantelidis, 297 AD2d 791 [2d Dept 2002].)
Further, pursuant to Domestic Relations Law § 245, before a defaulting party can be held in contempt for the nonpayment of a sum of money, it must appear “presumptively, to the satisfaction of the court,” that the movant exhausted the less drastic enforcement remedies available under Domestic Relations Law §§ 243 and 244 and CPLR 5241 and 5242. (See also Higbee v Higbee, 260 AD2d 603 [2d Dept 1999]; Snow v Snow, 209 AD2d 399 [2d Dept 1994]; Wiggins v Wiggins, 121 AD2d 534 [2d Dept 1986].)
Once the movant has made a prima facie showing that the party against whom he seeks a contempt citation has failed to pay support as ordered, the burden then shifts to the obligor to adduce some competent, credible evidence of his inability to make the required payments, in order to show that the failure to pay was not wilful. (See Matter of Christine L.M. v Wlodek K., 45 AD3d 1452 [4th Dept 2007].)
Due to the urgency of the instant application, this court finds that the defendant has exhausted other less drastic reme *198 dies, especially having been down this path several times before, and the plaintiff does not dispute he has not paid the daughter’s college expenses nor does he dispute other less drastic remedies should be taken. The court is also satisfied that the plaintiff is aware of the court’s lawful order, since this is the third time a contempt application has been made regarding the same order and he has intentionally and willfully refused to comply with same.
Accordingly, this court finds that the plaintiff has willfully and intentionally failed and refused to obey those provisions of the order which required him to pay MK’s college expenses and that such refusal was intended to and did in fact defeat, impair, impede and prejudice the rights of his daughter, MK, and the defendant.
This court is also awarding the defendant legal fees in connection with the instant application, as it is clear from the history of this action that the plaintiff, a practicing attorney, has manipulated and continues to manipulate the judicial system to frustrate and avoid his obligations and waste precious judicial resources.
In addition to the foregoing, this court finds it troubling that an officer of the court would have such flagrant disregard for this court’s order. When this court conferenced defendant’s second contempt application, prior to it being resolved, this court reminded counsel for the plaintiff of plaintiffs ethical obligations, as an attorney, to comply with court orders. Accordingly, plaintiff is hereby directed to report this court’s decision to the Grievance Committee.
Accordingly, it is ordered that plaintiff, JK, is sentenced to incarceration in the Nassau County Correctional Facility for a period of six months. The contemnor may purge his contempt by payment of MK’s college expenses. Payment shall be by bank or certified check, in the amounts of: $7,473.95, regarding college tuition to the University of Rhode Island; $1,928.57, regarding college rent expenses to K and CH; and $385.72 to EK as reimbursement for the rent security deposit, totaling $9,788.24. It is ordered, that the plaintiff, JK, shall report this court’s decision forthwith to the Grievance Committee.
All matters not decided herein are hereby denied.