REBECCA A. RHODES, Now Known as REBECCA PALUMBO, Appellant, v CHRISTOPHER J. RHODES, Respondent. [27 NYS3d 175]—

Appeal from an order of the Supreme Court, Suffolk County (Stephen M. Behar, J.), dated March 28, 2014. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to hold the defendant in civil contempt for failure to comply with the child support provisions set forth in the parties' judgment of divorce dated July 15, 2008, and for an award of an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties, who are the parents of three children, were divorced by a judgment of divorce dated July 15, 2008. Pursuant to the terms of a stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the father was directed to pay basic child support in the sum of $2,000 per month. The father was also directed to pay additional child support including one half of reasonable medical expenses not covered by insurance, one half of extracurricular activity expenses, and a share of any child care expenses incurred by the mother to attend work. In October 2013, the

mother moved, inter alia, to hold the father in civil contempt, alleging that he had violated the child support provisions set forth in the judgment by failing to make $3,795 in basic child support payments, and by refusing to reimburse her for his share of child care, medical care, and extracurricular activity expenses. The mother also sought an award of an attorney's fee for the expenses she incurred in the preparation of her motion. In opposition to the motion, the father submitted bank records to support his claim that he had made all required basic child support payments, and alleged that the mother had failed to respond to his request for documentation substantiating her payment of child care, medical care, and extracurricular activity expenses. He further contended that the mother had failed to make the statutorily required showing that she had exhausted other enforcement remedies prior to seeking to hold him in civil contempt. The Supreme Court denied those branches of the mother's motion which were to hold the father in civil contempt and for an award of an attorney's fee. The mother appeals.

In matrimonial actions, Domestic Relations Law § 245 grants the court authority to punish a party for civil contempt pursuant to Judiciary Law § 756 where the party defaults "in paying any sum of money" required by a judgment or order, "and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced" pursuant to the enforcement mechanisms provided in Domestic Relations Law §§ 243 and 244 and CPLR 5241 and 5242. "A civil contempt motion in a [matrimonial] action should be denied where the movant fails to make a showing pursuant to section 245 that 'resort to other, less drastic enforcement mechanisms had been exhausted or would be ineffectual' " (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 23 [2013], *affd* 26 NY3d 19 [2015], quoting *Capurso v Capurso*, 61 AD3d 913, 914 [2009]; *see Wolfe v Wolfe*, 71 AD3d 878, 879 [2010]). Here, the mother did not attempt to utilize any less drastic enforcement mechanism before moving to hold the father in contempt, and failed to demonstrate that resort to a less drastic enforcement mechanism would be ineffectual. Contrary to the mother's contention, the fact that the child care, medical care, and extracurricular activity expenses she sought payment of were not for a sum certain did not prevent her from seeking to fix any arrears due for those expenses and enforcing the father's payment obligations through less drastic means. Under these circumstances, the Supreme Court properly denied those branches of the mother's motion which were to hold the father in civil contempt (*see Belkhir v Amrane-Belkhir*, 128 AD3d 1382, 1383 [2015]; *Wolfe v Wolfe*, 71 AD3d

at 879; *Capurso v Capurso*, 61 AD3d at 914; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]; *Snow v Snow*, 209 AD2d 399, 401 [1994]), and for an award of an attorney's fee (*see Cooper v Cooper*, 21 AD3d 869, 871 [2005]). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.