■ GARYNN R. CUTRONEO, Now Known as GARYNN S. RODNER, Respondent, v KENNETH R. CUTRONEO, Appellant. [35 NYS3d 173]—

Appeals from (1) an order of the Supreme Court, Westchester County (Francis A. Nicolai, J.), dated April 14, 2014, (2) an order of commitment of that court dated April 17, 2014, and (3) a money judgment of that court entered April 29, 2014. The order, after a hearing, granted that branch of the plaintiff's cross motion which was pursuant to Domestic Relations Law § 245 to adjudge the defendant in civil contempt for his failure to comply with the child support and maintenance provisions of the parties' judgment of divorce, and directed that he be incarcerated unless he paid arrears in the sum of $5,000 by April 17, 2014, and an additional $5,000 by April 28, 2014. The order of commitment, upon the order and the defendant's failure to purge his contempt, directed that he be committed to the Westchester County Correctional Facility for a period of six months unless he paid arrears in the sum of $10,000 to purge

his contempt. The money judgment awarded the plaintiff the principal sum of $19,906.15, representing the defendant's arrears that had accrued from February 15, 2013 through April 17, 2014.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order of commitment is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the money judgment is modified, on the facts, by reducing the principal sum of $19,906.15 to the principal sum of $14,871.23; as so modified, the money judgment is affirmed, without costs or disbursements.

The parties were divorced in December 2011 and have two children. The defendant's child support and maintenance obligations were set forth in the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce. On November 4, 2013, the defendant moved to modify his child support obligation. The plaintiff thereafter cross-moved, seeking, inter alia, to adjudge the defendant in civil contempt pursuant to Domestic Relations Law § 245 for failure to pay child support and maintenance as directed, and incarcerating him therefor. After a hearing, the Supreme Court found that the defendant had violated the subject provisions of the stipulation and adjudged him in contempt in an order dated April 14, 2014, directing that he be incarcerated unless he made two payments of $5,000: the first by April 17, and the second by April 28, 2014. Upon the defendant's failure to make the first payment, the court entered an order of commitment dated April 17, 2014, confining him for a period of six months or until he paid $10,000 to purge his contempt. The defendant purged his contempt approximately four days later. The court then entered a money judgment in favor of the plaintiff in the principal sum of $19,906.15, representing the defendant's arrears that had accrued from February 15, 2013 through April 17, 2014. The defendant appeals from the order, the order of commitment, and the money judgment.

Inasmuch as the defendant purged himself of his contempt four days after he was incarcerated and thereupon was released from incarceration, we dismiss his appeal from the order of commitment dated April 17, 2014 as academic (*see Matter of Curbelo v Clemente*, 7 AD3d 524 [2004]; *Fiedler v Fiedler*, 230 AD2d 822 [1996]; *Federal Deposit Ins. Corp. v Wolkoff*, 209 AD2d 469 [1994]; *cf. Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]).

In matrimonial actions, Domestic Relations Law § 245 grants the court authority to punish a party for civil contempt pursuant to Judiciary Law § 756 where the party defaults "in paying any sum of money" required by a judgment or order, "and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced" pursuant to the enforcement mechanisms provided in Domestic Relations Law §§ 243 and 244 and CPLR 5241 and 5242 (*see Rhodes v Rhodes*, 137 AD3d 890, 891 [2016]; *El-Dehdan v El-Dehdan*, 114 AD3d 4, 22-23 [2013], *affd* 26 NY3d 19 [2015]). To prevail on the motion, the movant must demonstrate by clear and convincing evidence that the party charged disobeyed a clear and unequivocal court order, of which the party had knowledge, and that the movant was prejudiced thereby (*see* Judiciary Law § 753 [A] [3]; *El-Dehdan v El-Dehdan*, 26 NY3d at 28-29). " 'It is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes, or prejudices the rights or remedies of a party' " (*Gomes v Gomes*, 106 AD3d 868, 869 [2013], quoting *Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2010]; *see El-Dehdan v El-Dehdan*, 114 AD3d at 17). "A civil contempt motion in a [matrimonial] action should be denied where the movant fails to make a showing pursuant to section 245 that 'resort to other, less drastic enforcement mechanisms had been exhausted or would be ineffectual' " (*Rhodes v Rhodes*, 137 AD3d at 891, quoting *El-Dehdan v El-Dehdan*, 114 AD3d at 23).

Here, the plaintiff adequately demonstrated that other, less drastic enforcement mechanisms than contempt would be ineffectual (*see* Domestic Relations Law § 245; *Hayes v Barroga-Hayes*, 117 AD3d 794 [2014]). Moreover, the plaintiff met her burden of establishing, by clear and convincing evidence, that the defendant was fully aware of his maintenance and child support obligations, which were set forth in a lawful and unequivocal mandate of the court, and that he disobeyed that mandate, while having full knowledge of its terms, resulting in prejudice to the plaintiff. The burden thus shifted to the defendant to offer competent, credible evidence of his inability to make the payments as directed (*see El-Dehdan v El-Dehdan*, 114 AD3d at 17; *Yeager v Yeager*, 38 AD3d 534 [2007]). The defendant failed to meet his burden of establishing his defense of an inability to pay. The plaintiff's evidence established that during the period for which she sought arrears, the defendant had income, including from both regular pay and severance pay, the sale of stock, and the sale of personal assets, from which he could have made support payments. Although the de-

fendant established that his severance pay had been seized by the sheriff to satisfy a prior judgment and that his regular pay had been garnished, he failed to demonstrate that he could not have made payments from the sale of stock and personal assets. In addition, the hearing court's credibility determinations are given great deference on appeal (see Kerley v Kerley, 131 AD3d 1124, 1125 [2015]; Matter of Funaro v Kudrick, 128 AD3d 695, 696 [2015]). The Supreme Court's determination to resolve all credibility issues in favor of the plaintiff is amply supported by the record.

The defendant moved, on November 4, 2013, to modify his child support obligation and, at the time that the Supreme Court entered judgment in favor of the plaintiff, that motion remained pending and undecided. Since the modification, if granted, could have reduced the defendant's arrears retroactive to the date of his motion but not prior to that date (see Matter of Cadwell v Cadwell, 124 AD3d 649, 650 [2015]; Family Ct Act § 451), the court erred in entering judgment in a sum that included arrears accumulated after the date of the defendant's motion. Since the parties stipulated to the amount of the defendant's arrears and since the record permits calculation of the arrears accumulated prior to the defendant's motion, we modify the judgment by deleting the provision thereof awarding the plaintiff the principal sum of $19,906.15, and substituting therefor a provision awarding her the principal sum of $14,871.23, which represents the defendant's arrears that had accrued from February 15, 2013 through November 3, 2013. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.