Fishman v Solomon (2018 NY Slip Op 05139)





Fishman v Solomon


2018 NY Slip Op 05139


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10919
2016-10920
 (Index No. 27596/10)

[*1]Marc Fishman, appellant, 
v
Jennifer Solomon, respondent.


Del Atwell, East Hampton, NY, for appellant.
Legal Services of the Hudson Valley, White Plains, NY (Virginia S. Foulkrod of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated April 20, 2016, and (2) an order of the same court dated July 27, 2016. The order dated July 27, 2016, insofar as appealed from, after a hearing, (a) in effect, granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt for his willful violation of a prior order of the same court (Paul I. Marx, J.) dated June 5, 2014, (b) in effect, vacated a prior order of the same court (Paul I. Marx, J.) dated February 28, 2014, restraining the funds in the plaintiff's TD/Hartford Waterhouse Variable Annuity account, and (c) directed the release of the funds in that account to the defendant.
ORDERED that the appeal from the order dated April 20, 2016, is dismissed, as that order was superseded by the order dated July 27, 2016; and it is further,
ORDERED that the order dated July 27, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The concession made by the plaintiff that he failed to comply with an order of the Supreme Court dated June 5, 2014, which directed him, inter alia, to pay the defendant the sum of $18,000 by August 1, 2014, and which provided that the plaintiff would be deemed to have consented to a finding of willfulness if he failed to cure a default within 10 days upon notice from the defendant, established, prima facie, the plaintiff's willful violation of the court's mandate (see Yeager v Yeager, 38 AD3d 534, 534). "The burden thus shifted to the [plaintiff] to offer competent, credible evidence of his inability to make the payments as directed" (Cutroneo v Cutroneo, 140 AD3d 1006, 1008). The plaintiff failed to meet that burden.
Accordingly, we agree with the Supreme Court's finding that the plaintiff willfully violated the subject provision of the order dated June 5, 2014. Moreover, the court did not improvidently exercise its discretion by releasing the funds on deposit in the plaintiff's TD/Hartford Waterhouse Variable Annuity account to the defendant in satisfaction of the plaintiff's obligations [*2]to the defendant (see Matter of Banks v Stanford, 159 AD3d 134, 146; Collins v Telcoa Intl. Corp., 86 AD3d 549, 550).
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court