J.M-C. v S.C. (2024 NY Slip Op 50332(U))

[*1]

J.M-C. v S.C.

2024 NY Slip Op 50332(U)

Decided on March 28, 2024

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2024
Supreme Court, Westchester County

J.M-C., Plaintiff,

against
S.C., Defendant.

Index No. 66160/2022

James L. Hyer, J.

The following papers, numbered 1 to 10, were considered in connection with Plaintiff's Order to Show Cause, dated March 12, 2024, (hereinafter "Motion Sequence #1"), seeking, inter alia, the entry of an Order:
1. Finding of civil and/or criminal contempt based on failure to comply with the Order of the Court, specifically the payments to the Plaintiff in regard to the marital residence and the Order of Support as ordered in the Judgment of Divorce, dated January 29, 2024, entered by Hon. James L. Hyer;
2. Consolidate the foreclosure proceeding regarding the marital residence and stay the foreclosure proceeding while this Order to Show Cause is pending; and
3. An Order granting such other and further relief as this Court deems just and proper.
PAPERS NUMBERED
Order to Show Cause/Affidavit in Support/Affirmation in Support/Exhs. A-G 1-10
 RELEVANT FACTUAL AND PROCEDURAL HISTORY
On October 3,2022, Plaintiff commenced this matrimonial action seeking, inter alia, the entry of a Judgement of Divorce dissolving the marriage of the parties (NYSCEF Doc. No. 1). On September 28, 2023, following a default by Defendant, an Inquest was held wherein Defendant failed to appear and Plaintiff presented her case. On October 20, 2023, a Decision and Order After Trial was entered (NYSCEF Doc. No. 58) (hereinafter "Decision"). The Decision directed relief, which in part, included the following (NYSCEF Doc. No. 58 at 31-33):
"Based upon the foregoing, it is hereby
* * *
ORDERED that this Court directs that the Order of Support entered on May 1, 2023, by the Hon. Carol Ann Jordan of the New York State Family Court, Westchester County, [*2]within a proceeding known as [redacted], commenced under File Number [redacted], and Docket Number [redacted] and CSMS Number [redacted], shall remain in full force and effect without any modification or other action being taken by this Court with respect to that Order, except to direct that the terms of which be incorporated by reference but not merged into the Judgment of Divorce; and it is further
ORDERED that with respect to the parties' former marital domicile is determined to be a marital asset, being the real property located at [redacted], New Rochelle, New York 10804, which the Court has determined to have been wastefully dissipated by Defendant, Plaintiff is awarded an equitable distribution from Defendant in the amount of $181,238.37. In order to effectuate this provision, Defendant shall provide Plaintiff with a certified bank check payable to Plaintiff in the amount of $181,238.37 by October 31, 2023, and if such payment is not made timely, Plaintiff shall have leave to file with Notice of Settlement a proposed Money Judgment against Defendant for the benefit of Plaintiff for the amount of $181,238.37: and it is further
* * *
ORDERED that by November 20, 2023, Plaintiff's counsel shall submit, noticed for settlement, a proposed Findings of Fact and Conclusions of Law, Judgment of Divorce, and all other ancillary documents needed for the Court to enter a Judgment of Divorce, along with proof of service of those documents upon Defendant via overnight traceable delivery to [redacted], Pelham, New York and via e-mail to [redacted] and [redacted], and by November 15, 2023, shall file an Affidavit of Service with a copy of the mail tracking slip and copy of the e-mail and it is further..."
On October 25, 2023, Plaintiff's counsel filed a Notice of Entry of the Decision with proof of service on Defendant (NYSCEF Doc. No. 60).
On January 25, 2024, Plaintiff s counsel filed in proper form with Notice of Settlement: proposed Findings of Fact & Conclusions of Law; proposed Judgment of Divorce; and proof of service of same upon Defendant (NYSCEF Doc. Nos. 77-80).
On January 29, 2024, a Judgment of Divorce was entered (NYSCEF Doc. No. 8l) (hereinafter "Judgment"). The Judgment provided, in part, the following (NYSCEF Doc. No. 81 at 2-3):
"Now on motion of J.M-C., the Plaintiff, it is:
* * *
ORDERED AND ADJUDGED that there is an Order of Custody dated July 5, 2023, and an Order of Support dated May 19, 2023, from other courts to be continued; and it is further,
* * *
ORDERED AND ADJUDGED that the Equitable Distribution and ancillary issues have been ordered by the court pursuant to the Decision and Order dated October 20, 2023, attached hereto as Schedule A; and it is further
* * *
ORDERED AND ADJUDGED that the Defendant shall be served with a copy of this Judgment, with Notice of Entry, by Plaintiff within 20 days of such entry."
No proof of service of the Judgment by Plaintiff on Defendant as required in the Judgment was ever filed with this Court.
On March 12, 2024, Plaintiff presented an Order to Show Cause to the Court (Motion [*3]Sequence #1) (NYSCEF Doc. Nos. 83-92). On March 15, 2024, the Court conformed Motion Sequence #1 and directed: (1) a return date of March 28, 2024, 9:00 a.m.; (2) service of Motion Sequence #1 be served by Plaintiff on Defendant by March 15, 2024; (3) opposition submissions be filed and served by March 22, 2024; and (4) all parties and counsel shall appear in person upon the return date of the motion.
On March 19, 2024, proofs of service of Motion Sequence #1 were filed by Plaintiff's counsel (NYSCEF Doc. Nos. 95-96). On March 19, 2024, the Court "so ordered" a letter received from Plaintiff's counsel requesting an adjournment, directing: (1) Plaintiff's counsel shall serve Motion Sequence #1 upon Defendant by March 18, 2024; and (2) Plaintiff's counsel shall serve a copy of the "so ordered" letter on Defendant by e-mail or text message and file proof of service with the Court (NYSCEF Doc. No. 97). On March 20, 2024, Plaintiff's counsel filed proof of service of the "so ordered" letter (NYSCEF Doc. No. 98). In support of Motion Sequence #1, Plaintiff proffered an Affidavit (NYSCEF Doc. No. 84) (hereinafter "Plaintiff s Affidavit"), dated March 11, 2024, which asserts the following:
"1. I am the Plaintiff in the above-listed matter. I make this affidavit in support of the Order to Show Cause to hold the Defendant in contempt of failure to comply with the order of the Court regarding his obligation for child support payments and payment to me regarding the marital residence.
2. The Defendant, S.C. is the biological father of the subject children N.C. (DOB: XX/XX/XX14) and Z.C. (DOB: XX/XX/XX08).
3. I further make this application to consolidate the pending foreclosure proceeding bearing Index #: [redacted] and ask that the court stay said proceedings while this motion is pending.
4. On October 3, 2022, a Summons with Notice and Verified Complaint was filed on my behalf by my counsel, Christina T. Hall, Esq. The Summons with Notice and Complaint is attached hereto as "Exhibit A".
5. On or about September 19, 2022, a Summons and Complaint was filed pursuant to Article 13 of the Real Property Actions and Proceedings Law foreclosure of the marital home I currently reside in against the Defendant and his Trust. The Summons and Complaint is attached hereto as "Exhibit B".
6. An Order of Support was entered in the New Rochelle Family Court on May 1, 2023. The Defendant was ordered to pay me $1,350 monthly for support & $115.00 weekly for childcare of the subject children. See Order attached hereto as "Exhibit C".
7. I have complied with the Order of Inquest that was entered by the Hon. James L. Hyer. See Order attached hereto as "Exhibit D." The Inquest hearing proceeded without the Defendant and a Decision and Order After Trial was entered ordering the Defendant to pay me with the amount of $181,238.37 for the marital residence equitable distribution. See the Decision attached hereto as "Exhibit E".
8. At the time of the matrimonial proceeding, the foreclosure proceeding involved the Defendant and his trust. I have reason to believe that the foreclosure proceeding no longer involves the trust as the most recent statement has only the Defendant's name and does not have the trust name. See statement hereto as "Exhibit F".
9. A Judgment of Foreclosure and sale was entered on December 8, 2023. I received a Notice of Sale advising me that the marital home is scheduled to be sold by way of a public auction in the lobby of the Westchester Supreme Court home on March 26, 2024, [*4]at 9:30 a.m. See notice of sale hereto as "Exhibit G".
10. Foreclosing the home would be a waste of property as we have equity in the home and would lose it if it is sold.
11. I agree and consent that the Court may enter an Order holding the Defendant in contempt of court and that the foreclosure proceeding is consolidated with this motion and the Court stay the foreclosure proceeding.
12. I fully believe that this request is fair and equitable."
Plaintiff's counsel submitted an Affirmation in support of Motion Sequence #1 (NYSCEF Doc. No. 85), dated March 11, 2024, which essentially repeated many of the allegations set forth in Plaintiff's Affidavit concluding in the final paragraph that, "Prior written application has not been made for the relief requested" (NYSCEF Doc. No. 85 at 2).
The Court has not received any submissions from Defendant with respect to Motion Sequence #1.

FINDINGS OF FACT & CONCLUSIONS OF LAW
a. Plaintiffs Request for Stay and Consolidation with Foreclosure Action
Trial courts are empowered to award legal title of the marital residence exclusively to one spouse (Ward v Ward, 94 AD2d 908, 909 [3d Dept 1983]). Trial courts are also granted discretion to make distributive awards in lieu of an equitable distribution of a particular asset where such an award would facilitate the distribution of marital property (Domestic Relations Law, § 236, part B, subd. 5, par. e). A distributive award is designed "to supplement, facilitate or effectuate" a property distribution (Domestic Relations Law § 236[8][1][b]).
A marital residence is generally considered a passive asset which is valued as of the date of the trial (Moody v Moody, 172 AD2d 730 [2d Dept 1991]). In calculating a distributive award pertaining to a marital residence wherein one party shall receive the distributive award and the other shall receive title to the subject property it is appropriate to first credit either party for separate property claims determined to exist, then from the remaining amount to subtract from the fair market value of the property mortgage indebtedness as of that date, and to finally determine what portion will be provided as a distributive award to the spouse who will not receive title to the property (Newman v Newman, 35 AD3d 418 [2d Dept 2006); see also Loria v Loria, 46 AD3d 768 [2d Dept 2007]). To the extent a marital residence or any other asset is dissipated, the award of an equitable distributive award to the non-dissipating spouse is appropriate (Grossman v Grossman, 260 AD2d 602 [2d Dept 1999]).
Here, Plaintiff successfully established at Inquest that Defendant had dissipated the former marital domicile resulting in an award of an equitable distributive award to be paid by Defendant to Plaintiff by a date certain. To the extent Defendant failed to make payment, the Court granted Plaintiff leave to file with notice of settlement a proposed money judgment for the unpaid amount of the distributive award to be entered in favor of Plaintiff against Defendant.
As Plaintiff has been granted a distributive award arising out of the dissipated former marital residence, Plaintiff has no further right, title, or interest in the former marital residence, except possibly to the extent Plaintiff becomes a judgment creditor under any future money judgment entered by this Court or as an occupant of the property. To the extent Plaintiff has not received a portion or all of the distributive award, Plaintiff has not availed herself of the right to seek the entry of a money judgment pursuant to the procedure set forth in the Decision and Judgment. Accordingly, the Court finds the statements made in Plaintiff's Affidavit that "[f]oreclosing the home would be a waste of property as we have equity in the home and would [*5]lose it if it is sold" unavailing as Plaintiff has no equity in the subject property for the reasons noted above.
When actions present common questions of law and fact, the action may be joined unless the party opposing the motion demonstrates that joinder or consolidation will prejudice a substantial right (Geneva Temps, Inc. v New World Communities, Inc, 24 AD3d 332 [1st Dept 2005]). A "stay of one action pending the outcome of another is appropriate only where the decision in one will determine all the questions in the other, and where the judgment in one trial will dispose of the controversy in both actions; this requires a complete identity of parties, cause of action, and the judgment sought" (Somiza v Pechnik, 3 AD3d 394 (1st Dept 2004]). Here, consolidation would be inappropriate as Plaintiff has no equitable interest in the subject property as she has received, as part of her equitable distribution award in this matrimonial action, a distributive award from Defendant due to his dissipation of the asset which at the time of Inquest in this action was admitted by Plaintiff not to be in the name of Defendant. For the same reason, a stay is also not warranted.
b. Plaintiff's Request For a Finding of Contempt
"ln order to adjudicate a party in civil contempt, a court must find: (1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct" (Dalton v Dalton, 164 AD3d 1300, 1301-1302 [2d Dept 2018], citing El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). "The party seeking a finding of civil contempt must prove these elements by clear and convincing evidence" (Dalton v Dalton, 164 AD3d at 1302). "To satisfy, the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Pathak v Shukla, 164 AD3d 687, 689 [2d Dept 2018]). "'Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order'" (Toranzo v Toranzo, 185 AD3d 621, 623 [2d Dept 2020], quoting El-Dehdan v El-Dehdan, 114 AD3d at 17). "A hearing is required if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense" (Toranzo v Toranzo, 85 AD3d at 623; see also Del Vecchio v Del Vecchio, 219 AD3d 572, 578-579 [2d Dept 2023] [where record does not reflect a bona fide issue of fact, no hearing required]; see generally Executive Fliteways, Inc v Murta, 66 Misc 3d 1215[A], *3 [Sup Ct, Suffolk County 2020]l).
"In matrimonial actions, Domestic Relations Law § 245 grants the court authority to punish a party for civil contempt pursuant to Judiciary Law § 756 where the party defaults "in paying any sum of money" required by a judgment or order, "and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced" pursuant to the enforcement mechanisms provided in Domestic Relations Law §§ 243 and 244 and CPLR 5241 and 5242" (Rhodes v Rhodes, 137 AD3d 890 [2d Dept 2016]). "A civil contempt motion in a [matrimonial] action should be denied where the movant fails to make a showing pursuant to section 245 that "resort to other, less drastic enforcement mechanisms had been exhausted or would be ineffectual'" (El-Dehdan v El-Dehdan, 114 AD3d 4, 23, 978 N.Y.S.2d 239, affd. 26 NY3d 19, 19 N.Y.S.3d 475, 41 N.E.3d 340, quoting Capurso v. Capurso, 61 AD3d 913, 914, 878 N.Y.S.2d 754; see Wolfe v. Wolfe, 71 AD3d 878, 879, 895 N.Y.S.2d 855)" (Rhodes v Rhodes, 137 AD3d [*6]890).
Here, Plaintiff's request for a finding of contempt against Defendant arises out of Defendant's alleged failure to comply with the Judgment in two respects: first, by allegedly failing to pay the distributive award due Plaintiff arising out of her interest in the dissipated former marital domicile, and second, by allegedly failing to pay child support.
Turning first to the alleged failure of Defendant to provide payment of the distributive award, Plaintiff has failed to make a showing that other, less drastic, enforcement mechanisms have been exhausted or would be ineffectual. Specifically, in the event of Defendant's failure to pay the distributive award granted, the Decision and Judgment clearly provide Plaintiff a means to seek the entry of a money judgment by the Court, thereby affording Plaintiff a mechanism within which to engage in collections efforts against Defendant. Despite the passage of nearly 6 months since the deadline for Defendant to pay Plaintiff the distributive award, no proposed money judgment has been submitted to the Court, nor has Plaintiff even filed a Notice of Entry of the Judgement with proof of service on Defendant. For these reasons, the Court must deny the relief requested by Plaintiff as to the distributive award.
Turning second to the alleged failure of Defendant to provide child support, the Court shall schedule a hearing to determine if the relief requested is warranted.
Accordingly, it is hereby
ORDERED that for the reasons stated herein, Motion Sequence #l is denied with respect to Plaintiff's request to consolidate the foreclosure proceeding regarding the marital residence and stay the foreclosure proceeding while this Order to Show Cause is pending; and it is further
ORDERED that Motion Sequence #1 is denied with respect to Plaintiff's request to a finding of civil and/or criminal contempt by Defendant based on the alleged failure to comply with the Order of the Court, pertaining to the payment of the distributive award from Plaintiff to Defendant arising out of Defendant's dissipation of the former marital domicile as ordered in the Judgment of Divorce, dated January 29, 2024; and it is further
ORDERED that Motion Sequence #1 is granted to the extent that the additional relief requested by Plaintiff shall be the subject of a Hearing which shall be held on April 16, 2024, at 9:00 a.m., wherein all parties and counsel must be present in person; and it is further
ORDERED that by April 12, 2024, the parties shall engage in the following Pre-Hearing Disclosure by filing with the Court and serving upon all opposing self-represented parties and/or counsel by e-mail delivery and/or text message delivery, with proofs of service being filed with the Court, the following: (l) Witness List of all witnesses who will provide testimony at the Hearing, with the understanding that if witnesses are not timely disclosed they will be precluded from providing testimony at the Hearing; and (2) Exhibit List with copies of all exhibits, with the understanding that if exhibits are not timely disclosed and/or exchanged they will be precluded from being utilized at the Hearing; and it is further
ORDERED that by March 29, 2024, Plaintiff's counsel shall serve a copy of this Decision and Order with Notice of Entry on Defendant by e-mail delivery and/or text message delivery, with proofs of service being served upon the Court by the Hearing date; and it is further
ORDERED that any issue not directly addressed herein is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: March 28, 2024
White Plains, New York
ENTER:
HON. JAMES L. HYER, JSC