■ IDAHO POTATO PACKERS CORP. et al., Respondents, v HUNTS POINT INDUSTRIAL PARK, INC., et al., Appellants.—Order, Supreme Court, Bronx County, entered on December 9, 1976, punishing the individual appellant Rodolitz for contempt, is unanimously affirmed, without costs and without disbursements. The appeal arises out of a proceeding for enforcement of a money judgment against two corporations of which the individual appellant was president. In the course of said enforcement proceeding, information subpoenas under CPLR 5224 (subd [a], par 3) were issued addressed to "Abraham J. Rodolitz, President" of each corporation. It is for disregard of these information subpoenas that the contempt order was issued. The proceedings were properly begun in Bronx County under CPLR 5221 (subd [a], par 4). The individual appellant alleges that he neither resides nor is

regularly employed nor has a place for the transaction of business in Bronx County, and that the two corporations, which formerly had a place of business in Bronx County, no longer have such, and that therefore the proceedings cannot properly be brought in Bronx County. But the information subpoenas were addressed to the individual appellant in his capacity as president of the debtor corporations. So far as appears, the last known place of business of the debtor corporations was Bronx County; there is no suggestion that they now have a place of business anywhere else. At the time of the contempt proceeding, the corporate debtors still had equipment and materials at the business site in The Bronx. It thus appears that the proceedings could properly be brought in Bronx County on the grounds either that that was the county in which the corporations had a place of business or "if there is no such county" then "the county in which the judgment was entered." (CPLR, 5221, subd [a], par 4.) Appellant also attacks the service of the information subpoenas on him because there is no showing that he had ever received the subpoenas. The subpoenas were served by certified mail and the receipt is not signed in appellant's name. Service of an information subpoena by certified mail is sufficient. (CPLR 5224, subd [a], par 3.) There appears to be no requirement that a return receipt be actually executed by the addressee. Significantly, the individual appellant never alleges that he did not know of the receipt of the information subpoenas. Concur—Birns, J. P., Silverman, Evans, Lane and Yesawich, JJ.