OPINION OF THE COURT
Michael D. Stallman, J.
These contempt motions submitted on default in two unre *453 lated actions are decided jointly. They raise the same issues: What is the proper method of service of an information subpoena? What is a sufficient predicate for contempt? These issues are especially significant, given the volume of uncontested contempt motions in Civil Court predicated upon the failure to answer information subpoenae, where imprisonment is sought as punishment.
In each case the plaintiff judgment creditor seeks an order of contempt against a judgment debtor based upon an alleged failure to comply with a postjudgment information subpoena. Each information subpoena was sent to the judgment debtor by certified mail, return receipt requested. The post office markings plainly indicate that each envelope was unclaimed and returned to the sender.
CPLR 5224 (a) (3) provides that service of an information subpoena may be made by registered or certified mail, return receipt requested. The use of the permissive "may” signifies that the type of service set forth in CPLR 5224 (a) (3) is an alternative means of service to CPLR 2303, the general provision governing service of subpoenae. The Legislature’s choice of "may” instead of "shall” evinces a legislative intent to permit a choice between different means of service, not an attempt to mandate one exclusive means of serving information subpoenae, separate and distinct from the standard means of serving other types of subpoenae. (Accord, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5224:2, at 221; Chase, Weinstein-Korn-Miller, CPLR Manual § 27.09 [b], at 27-39; 6 Weinstein-Korn-Miller, NY Civ Prac § 5224.05.)
Section 782-a (4) of the former Civil Practice Act permitted service of an information subpoena by ordinary mail. The CPLR’s drafters substituted the current alternative service provisions of CPLR 5224 and 2303 in order to mandate service better calculated to insure actual receipt than ordinary mail. (6 Weinstein-Korn-Miller, op. cit., § 5224.05, citing 3 NY Adv Comm Rep 257-58 [1959].)
CPLR 5224 (a) also provides that answers to the information subpoena’s questionnaire must be returned within seven days "after receipt.” "Refusing or neglecting” to answer an information subpoena is punishable as a civil contempt under Judiciary Law § 753 (5) and CPLR 5251. Actual receipt of the subpoena is necessary, not only for compliance, but as a predicate for a contempt if noncompliance is alleged. Thus, *454 the information subpoena must be served in compliance with either CPLR 5224 or 2303 and must be received.
Under the circumstances presented, once the mailings were returned to the movant as "unclaimed”, movant knew that they had not been received. Movant had the obligation to attempt service anew, by serving pursuant to CPLR 2303, which requires that a subpoena be served in the same manner as a summons. Accordingly, plaintiff should have then attempted service on these defendants by one of the available methods for service on an individual pursuant to CPLR 308.* (See, Carl v Moyer, 63 Misc 2d 1052 [ordinary mail not appropriate after unsuccessful attempt by certified mail].)
This situation is clearly unlike that contemplated by other statutory service provisions that require, inter alla, a mailing by both registered or certified mail and ordinary mail without a return receipt. (Cf., RPAPL 735 [1] [act of mailing is sufficient to establish compliance with the statutory mailing requirement; actual receipt need not be proven].)
The common-law presumption of regularity, that a properly stamped, addressed and mailed envelope is presumed to have been received by the addressee, applies to ordinary first class mail. (News Syndicate Co. v Gatti Paper Stock Corp., 256 NY 211.) Consequently, the law historically has regarded the posting of a letter by ordinary mail as sufficient to constitute contractual acceptance where acceptance was to be posted by mail (Adams v Lindsell, 1 Barn & Ald 681 [1818], 106 Eng Rep 250) or service of papers where permitted by mail (e.g., CPLR 2103; service of interlocutory papers). However, where the method of mailing requires the addressee to sign a return receipt, the presumption of receipt which attaches to first class mail is inapplicable, because the mailing cannot be received until the addressee signs for it. It thus cannot be presumed that plaintiff’s mailings here gave any notice to defendant.
Consequently, where the method of service chosen is exclusively certified or registered mail with a return receipt, the act of mailing alone is not sufficient to constitute service of the information subpoena. Moreover, where, as here, it is *455 evident that the mailings were never received, it is clear that the defendant judgment debtors were never placed on adequate notice, in the manner required by law, that they had to respond to the questions in the information subpoena.
Contempt is the only extant civil remedy which provides for arrest in New York. Given the personal liberty interest at stake, the statute must be strictly applied. Judicial scrutiny is especially important on default, where there is no adversarial process to expose deficient proof. On any contempt motion, the movant has the burden of proving that the proposed contemnor’s conduct was calculated to, and actually did, defeat, impair, impede and prejudice the rights and remedies of the plaintiff judgment creditor. (CPLR 5251; Judiciary Law § 753 [A] [5]; Oppenheimer v Oscar Shoes, 111 AD2d 28.) Under the circumstances presented, movant cannot meet its burden of demonstrating that it complied with the statutory requirements for serving an information subpoena. (Cf., Weitzman v Pottak, 31 Misc 2d 52 [filing of an envelope marked "unclaimed” after return of summons and complaint not in compliance with Vehicle and Traffic Law § 253 (2) which requires filing of a return receipt]; Lansdowne Fin. Servs. v Binladen Telecommunications Co., 95 AD2d 711, 712 [filing of an " 'affidavit of compliance’ ” without requisite proof of delivery or postal notation that service was refused not in compliance with Business Corporation Law § 307 which requires filing of a return receipt].) Since movant cannot show that the defendants neglected or refused to answer subpoenae which they did not receive, movant cannot show the mens rea required for contempt. Defendants’ conduct must have been "calculated”, i.e., a deliberate, wilful failure to do that which the proposed contemnor knew was legally required.
Accordingly, plaintiff judgment creditor’s motions for orders punishing defendants for contempt are denied on default.

 The affidavits of service of these contempt motions state that the motion papers were served by substituted service upon a person of suitable age and discretion pursuant to CPLR 308 (2). Movant therefore could have, and should have, used this method to serve the information subpoenae after it was unsuccessful in serving them pursuant to CPLR 5224 (a) (3).