■ George Haber, Appellant, v Lisa S. Haber, Respondent.
[639 NYS2d 476]

In order to sustain a finding of contempt based on an alleged violation of a court order, it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect *(see, Guerriere v Guerriere,* 188 AD2d 583, 584; *see also, Matter of Frandsen v Frandsen,* 190 AD2d 975, 976). Furthermore, a party who seeks to hold a spouse in contempt of court pursuant to Domestic Relations Law § 245 must ordinarily exhaust her alternative remedies under that section. However, when the alternative remedies would be ineffectual, they need not be exhausted *(see, Rosenblitt v Rosenblitt,* 121 AD2d 375).

The defendant was properly adjudged to be in contempt of the *pendente lite* order dated August 27, 1994. The order clearly and unequivocally required the plaintiff to obtain medical insurance on behalf of the defendant and the parties' two children and to pay all ordinary or routine unreimbursed medical

expenses incurred by them, which he failed to do. Moreover, the record reveals that alternative remedies under Domestic Relations Law § 245 would be ineffectual.

The Supreme Court properly resolved the contempt issue on the papers submitted without holding a hearing *(see, Matter of Benny v Benny,* 199 AD2d 384).

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.