■ MORTON FELDMAN, Appellant, v MARY A. JULIANO, Respondent. [668 NYS2d 944] —In a matrimonial action, the plaintiff former husband appeals from an order of the Supreme Court, Nassau County (Kohn, J.), dated June 26, 1996, which denied the branch of his motion which was to hold the defendant former wife in civil contempt for failure to comply with the provisions of a judgment of the same court, dated May 6, 1994, directing her to provide him with health insurance coverage, and, in effect, denied those branches of his motion which were

for an award of damages pursuant to Domestic Relations Law § 244, and for an award of an attorney's fee under Domestic Relations Law § 238.

Ordered that the order is modified, on the law and on the facts, by adding thereto provisions referring those branches of the motion which were for an award of damages pursuant to Domestic Relations Law § 244, and an award of an attorney's fee under Domestic Relations Law § 238 for a hearing to determine whether the defendant breached her obligation to provide the plaintiff with health insurance, and, if so, the amount, if any, of damages to which he is entitled, and the award of reasonable attorney's fees on his application; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to Supreme Court, Nassau County, for further proceedings in accordance herewith.

The Supreme Court properly denied the plaintiff's motion to hold the defendant in contempt pursuant to Domestic Relations Law § 245 for failing to provide him with medical insurance "equivalent to Blue Cross/Blue Shield and major medical", as required by their judgment of divorce. The plaintiff failed to demonstrate that he "exhaust[ed] the less drastic enforcement remedies available under Domestic Relations Law §§ 243 and 244 [and] CPLR 5241 and 5242" (*Snow v Snow*, 209 AD2d 399, 401).

However, the Supreme Court improperly denied that branch of the plaintiff's motion which sought to recover damages under Domestic Relations Law § 244, without determining whether the wife breached her obligations under the judgment of divorce and, if so, the amount of the husband's damages. The matter is therefore remitted to the Supreme Court, Nassau County, for further proceedings to determine the foregoing issues as well as the husband's application for an award of counsel fees (*see,* Domestic Relations Law § 238). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.