■ CHRISTINE MURRAY, Respondent, v ROBERT J. MURRAY, Appellant. [703 NYS2d 402] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Richmond County (Ponterio, J.), dated July 23, 1998, which granted the plaintiff wife's motion to hold him in contempt of court for his failure to pay pendente lite maintenance in accordance with a prior order dated January 29, 1997, and (2), as limited by his brief, from stated portions of a judgment of the same court, dated July 27, 1998, which, *inter alia*, directed him to pay maintenance to the plaintiff wife in the sum of $900 per month and child support in the sum of $740.27 per month.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied; and it is further,

Ordered that the judgment is modified, on the law, by deleting from the fourth decretal paragraph thereof the sum of $740.27 and substituting therefor the sum of $587.26; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in holding the defendant in contempt of court pursuant to Domestic Relations Law § 245 for failing to make court-ordered pendente lite payments of maintenance. The plaintiff did not demonstrate that she had exhausted the less drastic enforcement remedies available under CPLR 5241 and 5242 (*see, Feldman v Juliano,* 248 AD2d 430; *Snow v Snow,* 209 AD2d 399).

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (*see, Wilner v Wilner,* 192 AD2d 524; *Sperling v Sperling,* 165 AD2d 338). The maintenance awarded by the court was a provident exercise of its discretion (*see, Milewski v Milewski,* 197 AD2d 562).

However, the child support award in this case was improper, as it was miscalculated to the extent that the court did not deduct the $900 monthly maintenance award from the defendant's income before applying the calculations under the Child

Support Standards Act (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). We have modified the award accordingly.

The defendant's remaining contentions are without merit. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.