[712 NYS2d 137]

Sʜᴇɪʟᴀ Rozzo, Appellant, v Jᴏsᴇᴘʜ Rozzo, Respondent.

Second Department, July 31, 2000

54

*Thaler & Gertler, L. L. P.,* Westbury (*Harold J. Levy* of counsel), for appellant.

*Capetola & Doddato,* Williston Park (*Linda Kule* of counsel), for respondent.

### OPINION OF THE COURT

H. Miller, J.

The issue presented on this appeal is whether the postjudgment discovery provisions of CPLR article 52 may be used to enforce a money judgment against a defaulting spouse in a matrimonial action. For the reasons which follow, we conclude that the enforcing spouse is entitled to use these remedies.

The parties were divorced in March 1995. On February 2, 1993, two years before the divorce was granted, a judgment of $205,200 was entered against the defendant for pendente lite arrears. On February 10, 1994, the parties executed a stipulation of settlement which was incorporated but not merged into the March 1995 divorce judgment. The parties agreed that the outstanding judgment in the sum of $205,200 would stand as security for the payments due under the stipulation. The stipulation obligated the defendant to pay the plaintiff $1,000 per week in maintenance for 15 years. The defendant was also required to pay the plaintiff $37,500 on the date the stipulation was executed, and an additional $8,000 during the next four months.

During the latter part of 1994, the defendant stopped making the payments required under the stipulation. In March 1998, the plaintiff moved for a final judgment directing the defendant to pay $205,200 in satisfaction of the February 2, 1993 judgment. The defendant cross-moved to amend the judgment to reflect his partial payment in early 1994. On July 23, 1998, the court amended the February 2, 1993 judgment by reducing it to $159,500.

On August 1, 1998, the plaintiff served, *inter alia,* a subpoena duces tecum upon the defendant as judgment debtor pursuant to CPLR article 52, directing him to appear for a deposition and produce records on August 14, 1998. The defendant moved, *inter alia,* for a protective order striking the subpoena, arguing that the plaintiff was not permitted to discover his assets under

CPLR article 52, since the money judgment was merely security for the payments due under the stipulation. After the court granted the motion, the plaintiff moved, *inter alia*, to reargue. In her supporting affidavit, she stated that the defendant had defaulted on his obligations under the stipulation since June 1994. The Supreme Court granted reargument and, *inter alia,* adhered to so much of its prior order as granted that branch of the defendant's motion which was for a protective order striking the plaintiff's subpoena served upon the defendant, ruling that "the plaintiff's remedies are to bring the appropriate action for contempt or an action for breach of contract." We reverse.

As a judgment creditor, the plaintiff is entitled to use the statutory postjudgment enforcement remedies of CPLR article 52. While a judgment for money in a matrimonial action is enforceable by contempt (*see,* Domestic Relations Law § 245), it can also be enforced pursuant to the devices set forth in CPLR article 52, which are sometimes referred to as "supplementary proceedings" (Siegel, General Commentary on Article 52, McKinney's Cons Laws of NY, Book 7B, CPLR art 52, at 51). CPLR 5101 provides that money judgments and orders directing the payment of money "may be enforced as prescribed in article fifty-two." In this case, the plaintiff is a judgment creditor pursuant to the money judgment entered February 2, 1993, as amended by the judgment dated July 23, 1998.

CPLR 5223 provides that "the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment" by serving a subpoena "any time before a judgment is satisfied." It is undisputed that the defendant never satisfied the judgment for outstanding arrears. While the defendant claims that this judgment was merely to stand as security for his obligations under the stipulation of settlement incorporated into the divorce judgment, the unrefuted record indicates that he has been in default of these obligations since 1994.

Since the subpoena served upon the defendant sought "matter relevant to the satisfaction of the judgment" against him, the Supreme Court improvidently exercised its discretion in granting the defendant's motion for a protective order striking that subpoena (*see, Longwood Assocs. v A.J. Apparel,* 249 AD2d 453; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.,* 246 AD2d 538). The plaintiff should be permitted to utilize the postjudgment disclosure authorized by CPLR 5223 to aid her in determining the extent and location of the defendant's property so that the property may be applied to the outstanding

judgment. The disclosure authorized by CPLR 5223 is particularly appropriate in this case since it appears that the defendant has not been forthright in disclosing his assets.

Finally, we note that in utilizing the postjudgment remedies of CPLR article 52, the plaintiff satisfied her obligation of exhausting less drastic enforcement remedies before moving to hold the defendant in contempt (*see, Feldman v Juliano,* 248 AD2d 430; *Haber v Haber,* 225 AD2d 664; *Snow v Snow,* 209 AD2d 399, 401).

Accordingly, the order entered August 5, 1999 is reversed insofar as appealed from, upon reargument, so much of the order dated January 11, 1999 as granted that branch of the defendant's motion which was for a protective order striking the plaintiff's subpoena duces tecum served upon the defendant is vacated, that branch of the defendant's motion is denied, and the defendant shall comply with the subpoena by appearing for a deposition and producing the requested documents within 30 days after service upon him of a copy of this opinion and order, with notice of entry.

JOY, J. P., SULLIVAN and FRIEDMANN, JJ., concur.

Ordered that the order is reversed, insofar as appealed from, on the law and as a matter of discretion, with costs, upon reargument, so much of the order dated January 11, 1999 as granted that branch of the defendant's motion which was for a protective order striking the plaintiff's subpoena duces tecum served upon the defendant is vacated, that branch of the defendant's motion is denied, and the defendant shall comply with the subpoena by appearing for a deposition and producing the requested documents within 30 days after service upon him of a copy of this opinion and order, with notice of entry.