OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*276 CPLR 5224 (a) (3) provides that service of an information subpoena, accompanied by a copy and original of written questions and a prepaid addressed return envelope, “may be made by registered or certified mail, return receipt requested.” The answers together with the original of the questions must be returned “within seven days after receipt” (CPLR 5224 [a] [3]). An information subpoena may alternatively be served pursuant to CPLR 2303 “in the same manner as a summons.” Refusal or neglect to obey an information subpoena is punishable as a contempt of court under CPLR 5251 and Judiciary Law § 753 (A) (5).
In the instant case, plaintiff s motion to punish defendant for contempt was supported by an affidavit of service wherein it was stated that service of the restraining notice and information subpoena was made upon defendant by “certified mail, return receipt requested.” While service of an information subpoena by certified mail, return receipt requested, is permissible (see CPLR 5224 [a] [3]; Idaho Potato Packers Corp. v Hunts Point Indus. Park, 58 AD2d 547; Metropolitan Life Ins. Co. v Young, 157 Misc 2d 452, 454), under the circumstances presented in this case, plaintiff s unopposed motion was properly denied inasmuch as plaintiff did not establish that the envelope containing the information subpoena was signed for by defendant or anyone acting on her behalf, or even that it was received (see Matter of McCormick v Axelrod, 59 NY2d 574, 583; cf. Idaho Potato Packers Corp., 58 AD2d 547).
Pesce, P.J., Patterson and Golia, JJ., concur.