J.L. v Y.A.E.C. (2026 NY Slip Op 50317(U))

[*1]

J.L. v Y.A.E.C.

2026 NY Slip Op 50317(U)

Decided on March 9, 2026

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2026
Supreme Court, Westchester County

J.L., Plaintiff,

againstY.A.E.C., Defendant.

Index No. XXXXX

Plaintiff: Self-RepresentedDefendant: Self-Represented

James L. Hyer, J.

The following documents, numbered 1 through 7, were considered in connection with the notice of motion of the Plaintiff, dated February 2, 2026, (hereinafter "Motion Sequence No. 9"), seeking the entry of an Order granting the following relief:
1. Extending Compelling Defendant/Judgment Debtor to provide full, complete, current, and verified responses under oath to the Information Subpoena served in aid of enforcement of the Money Judgment entered on September 23, 2025;2. Compelling production of all documents and information responsive to the Information Subpoena, including records relating to accounts, assets, payment platforms, vehicles, insurance, income, and business activity used by, controlled by, accessible to, or held for the benefit of the Defendant, whether directly or indirectly and regardless of the name under which such accounts or assets are held;3. Directing that such compliance be made within a time certain as determined by the Court; and4. Granting such other and further relief as the Court deems just and proper.
PAPERS     
DOC. NO.Notice of Motion/Affirmation In Support/Proposed Order/Exhibits A-C2 1-7
 Relevant Factual and Procedural BackgroundThis matrimonial action was commenced with the filing of a summons with notice on May 3, 2024.[FN1]

On June 30, 2025, a decision after trial was entered,[FN2]
after which a notice of entry with proof of service was filed.[FN3]

On August 1, 2025, Plaintiff filed a motion by order to show cause (hereinafter "Motion Sequence No. 7"),[FN4]
seeking the entry of an order granting the following relief: (1) Holding the Defendant in civil contempt of court pursuant to Judiciary Law § 753 for willful failure to comply with the financial obligations set forth in the June 30, 2025 Decision and Order, specifically the lump sum payment of $66,493.04 due by July 31, 2025, and the monthly spousal maintenance payment of $1,980.92 beginning August 1, 2025; (2) Compelling immediate payment of all outstanding amounts due under the Court's June 30, 2025 Decision and Order, including lump sum distributive awards, shared debt reimbursements, and monthly maintenance; (3) Granting Plaintiff's post-judgment relief as outlined in her July 3, 2025 motion (NYSCEF Docs. 228—229), including: (a) Protective provisions regarding tax liability, identity protection, and non-disparagement; (b) A penalty clause with 18% annual interest on all unpaid balances and full reimbursement of future legal and enforcement costs; (c) Reimbursement of lost wages and attorney's fees; (d) Return or replacement of Plaintiff's property; (e) Prohibition on retention or misuse of Plaintiff's personal identifying information; (4) Imposing sanctions or penalties for continued willful noncompliance under DRL § 245 and Judiciary Law § 753; (5) Directing that the Defendant shall be responsible for all legal and court costs incurred due to his noncompliance and evasive conduct; (6) Requiring the Defendant to appear in person on the return date; (7) Issuing a temporary restraint on the Defendant's international travel until he either fully satisfies the financial obligations set forth in the June 30, 2025 Decision and Order or posts a bond or security deposit in the total amount owed to ensure enforceability; (8) Requiring the Defendant to post a financial bond or place funds in escrow equal to the outstanding amount owed before engaging in any further international travel, to prevent evasion of court-ordered obligations; and, (9) and for such other and further relief as the Court deems just and proper.
On August 1, 2025, Motion Sequence No. 7 was conformed,[FN5]
and following the application being fully submitted, on August 25, 2025, a decision was entered,[FN6]
providing the following directives:
"ACCORDINGLY, IT IS HEREBY:ORDERED that Motion Sequence No. 7 is granted in part, to the extent Defendant is directed to pay the outstanding balance of the above-outlined distributive awards by September 5, 2025, as outlined herein-above, and to the extent Defendant fails to comply with this court's directives by that date, Plaintiff shall have leave to file a proposed money judgment Order with the Court, with notice of settlement served by e-mail upon the Defendant, with proof of service; and it is furtherORDERED that the remainder of Motion Sequence No. 7 is denied; and it is further,ORDERED that Plaintiff shall serve this Decision and Order with Notice of Entry on Defendant via NYSCEF Filing and by e-mail, by August 22, 2025, and shall file an Affidavit of Service by August 22, 2025; and it is furtherORDERED that to the extent any relief requested has not been granted or otherwise addressed herein, it is hereby denied.The foregoing constitutes the Decision and Order of the Court."On August 29, 2025, a judgment of divorce was entered,[FN7]
that included the following provisions:
"ORDERED AND ADJUDGED that the Defendant shall pay to the Plaintiff the distributive awards as set forth in this Court's Decision and Order, dated June 30, 2025 (NYSCEF Doc. # 226);* * *ORDERED AND ADJUDGED that each party shall comply with all financial directives in the Court's June 30, 2025 Decision and Ordered and it is further"On September 10, 2025, Plaintiff filed a notice of settlement with proposed money judgment, and proof of service on Defendant (hereinafter "Proposed Money Judgement").[FN8]

On September 27, 2025, following no answering submissions filed by Defendant pertaining to the Proposed Money Judgment, same was entered (hereinafter "Money Judgment").[FN9]

On October 14, 2025, a notice of entry of the Money Judgment with proof of service on Defendant was filed.[FN10]

On January 20, 2026, Plaintiff filed an information subpoena with proof of service on Defendant (hereinafter "Information Subpoena"),[FN11]
which includes, in its entirety other than the caption, the following:
"PLEASE TAKE NOTICE that this Information Subpoena is issued pursuant to CPLR § 5224 in aid of enforcement of a Money Judgment entered September 23, 2025 (NYSCEF [*2]Doc. #282). You are required by law to answer each question fully, accurately, and under oath within seven (7) days of service. Your responses: Must be truthful, complete, and not misleading; Must include all personal and business information, including information relating to [Redacted]; Must not omit any assets, income, accounts, clients, receivables, vehicles, or financial relationships, whether paid by check, electronic transfer, or cash. False statements, omissions, or misleading responses may subject you to court-ordered sanctions and further enforcement proceedings under New York law. Information provided may be verified through third parties, including financial institutions, payment platforms, insurers, lenders, landlords, and clients. This subpoena is issued in connection with a valid court judgment. Information provided may be verified through third parties, including financial institutions, payment platforms, and clients.1. Identify all bank accounts, credit union accounts, or other financial accounts in which you have had any interest (personal or business) during the past 24 months, including: name of financial institution; account type; last four digits of the account number.2. Identify all bank or financial accounts used by [Redacted] during the past 24 months, including any account from which payments to the Plaintiff were made.3. Identify all payment platforms used by you or [Redacted] during the past 24 months, including but not limited to Zelle, PayPal, Cash App, Venmo, Apple Pay, or similar services.4. Identify all sources of income you have received during the past 24 months, including employment income, self-employment income, business income, and cash income.5. Identify all clients, customers, or entities who have paid you or [Redacted] during the past 24 months, including: client name; contact information; amount paid; method of payment (check, electronic transfer, or cash).6. Identify all persons or entities that currently owe you or [Redacted] money, including outstanding invoices or receivables, and state the amount owed by each.7. Identify all vehicles owned, leased, financed, or used by you or [Redacted] during the past 24 months, including: make, model, and year; VIN (or last six digits); license plate number and state of registration; name and address of any financing or leasing company; monthly payment amount; insurance carrier and policy number; whether the vehicle is used for business purposes.8. State your current residence address and indicate whether the property is owned or rented.9. If rented, identify: name of the landlord or property owner; landlord's mailing address and telephone number; monthly rent amount; lease start date; method of rent payment (check, electronic transfer, or cash); whether any rent or security deposit was prepaid.10. Identify all tools, equipment, or business assets used by [Redacted] with an approximate value exceeding $1,000.11. Identify any business address, storage location, or jobsite address used by [Redacted] during the past 24 months.12. Identify all banks, lenders, credit unions, or financing entities with whom you or [Redacted] have maintained any relationship during the past 24 months, including vehicle or equipment financing.13. Identify all insurance policies currently in effect for you or [Redacted], including [*3]vehicle, general liability, or business insurance, and state the carrier and policy number.14. State whether you anticipate receiving any payment or income within the next sixty (60) days, and if so, identify the source and approximate amount.15. State whether you have transferred, concealed, assigned, or disposed of any assets since entry of the Money Judgment on September 23, 2025, and if so, identify each such transfer."On February 2, 2026, Plaintiff filed Motion Sequence No. 9,[FN12]
seeking the above-referenced relief. In support of the application, Plaintiff filed an affirmation (hereinafter "Plaintiff's Affirmation") asserting in part that:
"I, J.L., affirm under penalty of perjury pursuant to CPLR § 2106 as follows:I am the Plaintiff/Judgment Creditor in this action and submit this Affirmation in support of my Motion to Compel Defendant/Judgment Debtor to comply with a duly served Information Subpoena issued pursuant to CPLR § 5224. I make this Affirmation based upon my personal knowledge and review of the court record. On September 23, 2025, a Money Judgment was entered against the Defendant in this matter (NYSCEF Doc. #282).* * *In light of the Defendant's continued nonpayment, I served an Information Subpoena pursuant to CPLR § 5224 in aid of enforcement of the Judgment. The subpoena sought disclosure of business related financial information, including banking records, payment platforms, income, vehicles, insurance, receivables, and assets associated with [Redacted], the Defendant's sole source of income. A true copy of the Information Subpoena is annexed as Exhibit A. A true copy of the Affirmation of Service of the Information Subpoena is annexed as Exhibit B. The Defendant provided an email response and partial document production, annexed as Exhibit C. The response is unsworn, unverified, and not provided under penalty of perjury.* * *Plaintiff respectfully requests that the Court issue an Order compelling Defendant to provide full, complete, current, and verified responses, without omission, and in conformity with CPLR § 5224."Upon review of the document referenced in Plaintiff's Affidavit as Exhibit A, the document is the Information Subpoena and upon review is not addressed to an individual or entity and is unsigned.
Upon review of the document referenced in Plaintiff's Affidavit as Exhibit B, while Plaintiff refers to the document as an "Affirmation of Service of the Information Subpoena," it is not titled as an affirmation but "Information Subpoena (Judgment Debtor)" (hereinafter "Plaintiff's Affirmation of Service"), is unsigned and includes the following:
"I, [Redacted], am the Plaintiff in the above-captioned action, and I affirm under penalty of perjury that:On January 21, 2026, I served a true copy of the following documents upon the Defendant: Information Subpoena (Judgment Debtor) by placing them in a properly [*4]addressed envelope, with overnight postage prepaid, and depositing the envelope with the United States Postal Service (USPS) to the following address:Y.A.E.C. 564 [Redacted]Tracking Number: [Redacted]Additionally, on the January 20, 2026, I filed the above documents via the New York State Courts Electronic Filing (NYSCEF) system, to which the Defendant has registered access.I affirm under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.Dated: January 21, 2026[Redacted], New YorkJ.L.Plaintiff, Pro Se[Redacted][Redacted]"Plaintiff further annexes to her application the document referred to as Exhibit C in her Affirmation which she represents as the responses she received following service of the Information Subpoena from Defendant (hereinafter "Subpoena Responses"), which is unsigned and provides the following:
"Response to the Documents Requested by J.L. Pursuant to the Subpoena:2. Maintain only one business bank account for [Redacted], ending in [Redacted]. The corresponding bank statements were mailed with tracking number [Redacted]. I maintain only one personal bank account, one business bank account, and one Bancolombia account. The corresponding bank statements were previously submitted during the trial.3. The only payment platform used by [Redacted] is Zelle, and all payments and deposits are documented in the bank statements that were sent by mail.4. My sole source of income is my business, [Redacted]. No other sources of income exist. All income is documented in the bank statements previously sent by mail.5. I contacted my clients to request authorization to disclose their information, but they declined. Nevertheless, all client payments are documented in the business bank account and were previously sent by mail.6. At this time, there are no individuals who owe me money. On the contrary, the following is a list of individuals and entities to whom I owe money: [Redacted] — I owe $6,000, Phone: [Redacted]; [Redacted] — I owe $6,500, Phone: [Redacted]; Internal Revenue Service (IRS) — I owe $7,500.7. There is only one vehicle used for both personal and business purposes: Vehicle: 2021 RAM 1500, VIN (last 6 digits): [Redacted], License Plate: [Redacted] (NY), Financing Company: Carvana / Bridgecrest, Monthly Payment: $655. The insurance information was previously sent by mail. The vehicle is used for both personal and commercial purposes.8. My current residence address is [Redacted]. The residence is rented.9. Landlord: [Redacted], Phone: [Redacted], The monthly rent is $1,900. There is no written lease agreement; the tenancy is month-to-month. Rent is paid in cash in the amount of $1,900 per month. There is no security deposit.10. I own various tools that I have used for many years, some of which were purchased over time, including drills, a table saw, a miter saw, and a compressor. I do not know the exact estimated value of these tools; however, no individual tool has a value exceeding $1,000.11. [Redacted] does not maintain a separate business address. Its business address is the same as my personal residence, located at [Redacted].12. [Redacted] maintains no credit cards and has no business relationships with other entities. The business has a single bank account, ending in [Redacted], and the corresponding bank statements were previously sent by mail.13. The insurance documentation for both the vehicle and the business was previously provided via email.14. I have not received any advance payments. All payments received were for completed work and purchased materials. At this time, I have not received any upfront or advance funds."While Plaintiff did not file proof of service of Motion Sequence No. 9 on Defendant, in an e-filed action, service of a motion occurs simultaneously with its filing (see 22 N.Y.C.R.R. § 202.5-b(f)(2)(ii); 22 N.Y.C.R.R. § 202.5-bb(a)(1); Siegel & Connors, New York Practice § 202 (6th ed. 2018), "Proof of such service will be recorded on the NYSCEF site; 22 N.Y.C.R.R. § 202.5-b(f)(2)(ii)). Notably, this matter is an e-filed case and Defendant has remained a consented party on NYSCEF with e-mail for this matter since June 11, 2025.
Thereafter, no answering submissions were filed by Defendant, nor were any further submissions made with respect to Motion Sequence No. 9.

Legal Analysis
A. Plaintiff's request for the entry of an order pertaining to the Information Subpoena.
[1] CPLR Article 52 Discovery In Post-Judgment Collection Efforts
New York State Civil Practice Law and Rules (hereinafter "CPLR") § 5223 sets forth the manner within which judgment creditors may obtain disclosure to aid in the enforcement of money judgments:
"At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court."The Appellate Division Second Department has provided the following guidance as to the use of this statute:"CPLR 5223 compels disclosure of 'all matter relevant to the satisfaction of the judgment.' A judgment creditor is entitled to discovery from either the judgment debtor or a third party in order 'to determine whether the judgment debtor [ ] concealed any [*5]assets or transferred any assets so as to defraud the judgment creditor or improperly prevented the collection of the underlying judgment' (Young v. Torelli, 135 AD2d 813, 815, 822 N.Y.S.2d 918) (see Technology Multi Sources, S.A. v. Stack Global Holdings, Inc., 44 AD3d 931 [2d Dept 2007]; see also U.S. Bank Natl. Assn. v. APP Intl. Fin. Co., 100 AD3d 179 [1st Dept 2024] ['Under New York law, judgment creditors are entitled to broad disclosure in aid of judgment enforcement.'])."It is without question that while post-judgment remedies to a matrimonial litigant are available pursuant to provisions of the New York State Domestic Relations Law, they may also turn to CPLR Article 52 for collection efforts and should do so prior to seeking the more drastic remedy of contempt:
"As a judgment creditor, the plaintiff is entitled to use the statutory post-judgment enforcement remedies of CPLR article 52. While a judgment for money in a matrimonial action is enforceable by contempt (see, Domestic Relations Law § 245), it can also be enforced pursuant to the devices set forth in article 52, which are sometimes referred to as 'supplementary proceedings' (see, McKinney's Cons. Laws of NY, Book 7B, General Commentary on Article 52 at 51). CPLR 5101 provides that money judgments and orders directing the payment of money 'may be enforced as prescribed in article fifty-two'. In this case, the plaintiff is a judgment creditor pursuant to the money judgment entered February 2, 1993, as amended by the judgment dated July 23, 1998.* * *Finally, we note that in utilizing the post-judgment remedies of CPLR article 52, the plaintiff satisfied her obligation of exhausting less drastic enforcement remedies before moving to hold the defendant in contempt (see, Feldman v. Juliano, 248 AD2d 430, 668 N.Y.S.2d 944; Haber v. Haber, 225 AD2d 664, 639 N.Y.S.2d 476; Snow v. Snow, 209 AD2d 399, 401, 618 N.Y.S.2d 442)" (see Rozzo v. Rozzo, 274 AD2d 53 [2d Dept 2000]).CPLR § 5224 sets forth three types of subpoenas that a judgment creditor may serve including: (1) a subpoena requiring attendance for the taking of a deposition upon oral or written questions at a time and place named therein; (2) a subpoena duces tecum requiring the production of books and papers for examination at a time and place named therein; and (3) an information subpoena, accompanied by a copy and original of written questions and a prepaid, addressed return envelope. The statute sets forth specific requirements for the use of information subpoenas including the following:
"3. an information subpoena, accompanied by a copy and original of written questions and a prepaid, addressed return envelope. Service of an information subpoena may be made by registered or certified mail, return receipt requested. Answers shall be made in writing under oath by the person upon whom served, if an individual, or by an officer, director, agent or employee having the information, if a corporation, partnership or sole proprietorship. Each question shall be answered separately and fully and each answer shall refer to the question to which it responds. Answers shall be returned together with the original of the questions within seven days after receipt. Where the person serving the subpoena is a judgment creditor, other than where the state, a municipality or an agency or officer of the state or a municipality is the judgment creditor, the following additional rules shall apply:(i) information subpoenas, served on an individual or entity other than the judgment debtor, may be served on an individual, corporation, partnership or sole proprietorship only if the judgment creditor or the judgment creditor's attorney has a reasonable belief that the party receiving the subpoena has in their possession information about the debtor that will assist the creditor in collecting his or her judgment. Any information subpoena served pursuant to this subparagraph shall contain a certification signed by the judgment creditor or his or her attorney stating the following: I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT. By signing the certification, the judgment creditor or attorney certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the individual or entity receiving the subpoena has relevant information about the debtor.(ii) if an information subpoena, served on an individual or entity other than the judgment debtor, does not contain the certification provided for in subparagraph (i) of this paragraph, such subpoena shall be deemed null and void.(iii) if an information subpoena, served on an individual or entity other than the judgment debtor, does contain the certification provided for in subparagraph (i) of this paragraph, the individual, corporation, partnership or sole proprietorship receiving the subpoena, may move to quash the subpoena pursuant to section twenty-three hundred four of this chapter, except that such motion shall be made in the court that issued the underlying judgment.(iv) failure to comply with an information subpoena shall be governed by subdivision (b) of section twenty-three hundred eight of this chapter, except that such motion shall be made in the court that issued the underlying judgment.4. an information subpoena in the form of magnetic tape or other electronic means. Where the person to be served consents thereto in writing, an information subpoena in the form of magnetic tape or electronic means, as defined in subdivision (f) of rule twenty-one hundred three of this chapter, may be served upon the individual, or if a corporation, partnership, limited liability company, or sole proprietorship, upon the officer, director, agent or employee having the information. Answers shall be provided within seven days."CPLR § 5223 permits a scope of disclosure through subpoenas seeking documents or information "relevant to the satisfaction of the judgment" (Wydra v. Brach, 227 AD3d 727 [2d Dept 2024]). In the event of noncompliance, the issuer of a post-judgment subpoena may seek relief including under CPLR § 2308, and the reviewing court is required to employ a standard of review which is "a case-by-case determination based on practicality and fairness, i.e., reasonableness, under the circumstances" (S&S Machinery Corp. v. Manufacturing Hanover Trust Co., 219 AD2d 249 [1st Dept 1996]).
[2] Lack of Sufficiency of Subpoena Responses.
CPLR § 5224(3) clearly directs that upon receipt of an authorized subpoena, "[a]nswers shall be made in writing under oath by the person upon whom served, if an individual, or by an officer, director, agent or employee having the information, if a corporation, partnership or sole proprietorship," and further that, "[e]ach question shall be answered separately and fully and each answer shall refer to the question to which it responds" (see In re Estate of Lupoli, 275 AD2d 44 [2d Dept 2000]). The duty of the intended recipient to provide timely answers will only occur once proper service has been effectuated upon them, as artfully set forth in the following decision:
"CPLR § 5224(a)(3) provides that service of an information subpoena 'may be made by registered or certified mail, return receipt requested.' Since refusal or neglect is punishable as a contempt of court pursuant to CPLR § 5251, courts have held that a bare affidavit of service averring that the subpoena was served by certified mail, although facially valid, is insufficient to punish the alleged recipient for contempt. (See Mailman v. Belvechhio, 195 Misc 2d 275, 757 N.Y.S.2d 216 (App Term 2d Dept 2002).In Mailman, the Appellate Term held that 'plaintiff's unopposed motion was properly denied inasmuch as plaintiff did not establish that the envelope containing the information subpoena was signed for by defendant or anyone acting on her behalf, or that it was even received [citations omitted].' (Id.; see also Metro. Life Ins. Co. v. Young, 157 Misc 2d 452, 596 N.Y.S.2d 653 [Civ Ct, NY County 1993].) The obligation to answer an information subpoena ripens only upon receipt and the answers must be returned 'within seven days of receipt.' CPLR § 5224(a)(3). Since the plaintiffs in Mailman could not point to any date of receipt, the seven-day period never began to run; consequently, the defendants could not properly be punished for contempt" (Star Brite Painting, Inc. v. Dubie's Hot Spot Inc., 2 Misc 3d 1004(A) [Civ. Ct. Queens Cty 2004]).Similar to Star Brite Painting Inc., as will be set forth herein, Plaintiff's Affidavit of Service falls short of the statutory requirements regarding service and therefore, even if the Information Subpoena was authorized, which it is not as noted herein, Defendant's period within which to respond did not begin to accrue. Nonetheless, while Plaintiff asserts Defendant did provide the Subpoena Responses, to the extent this document constitutes Defendant's answers to the Information Subpoena it is insufficient for the following reasons. First, the document is unsigned whereas it is required to be executed under oath by the person upon whom is served, either in the form of an affidavit or affirmation (see CPLR §§ 2106, 2309). Second, while that statute requires that each question shall be answered separately and fully and each answer shall refer to the question to which it responds, this was not done. While the Information Subpoena enumerates fifteen separate questions, in the Subpoena Response only thirteen responses are provided, and while numbered do not refer to the question to which it responds. Furthermore, the Subpoena Response does not state the specific question proposed, followed by the specific answer in an enumerated fashion corresponding with the questions in the subject subpoena.
Due to the procedural and legal errors in Plaintiff's application set forth in detail below, this Court will take no action with respect to the Information Subpoena and must deny the relief sought in Motion Sequence No. 9.
[3] Procedural & Legal Errors in Plaintiff's Application.
(a) Lack of Compliance With CPLR § 2106 and 22 NYCRR § 130-1.1a.
Pursuant to New York Civil Practice Law and Rules § 2106, the statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit. Such affirmation shall be in substantially the following form:
"I affirm this ____ day of ____, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.(Signature)" (CPLR § 2106).""Subsequent to January 1, 2024, courts have found that a statement simply affirming the Following under the penalties of perjury fails to acknowledge the laws of New York and the possibility of fines or imprisonment and as a result is not in admissible form and cannot be relied upon. Inasmuch as the oath is not something the court is permitted to infer and the purpose of the requirement impresses on the witness the gravity of his factual account, an affirmation lacking the language that CPLR 2106 now requires fails to demonstrate an appreciation for that gravity and is ultimately not a verification at all. It is both well settled that a matter brought pursuant to Article l6 must be commenced with a verified petition and that as a result a defectively verified petition must be dismissed" (Gransard v. Hutchinson, 2024 WL 1957086 [Sup Court NY County, Latin J.][internal citations and quotation marks omitted] affd for the reasons stated by Latin, J., Gransard v. Hutchinson, 227 AD3d 491 [1st Dept 2024]).
Here, upon review by this Court, Plaintiff's Affirmation fails to include the required admonition of CPLR § 2106, which would qualify it as a sworn admissible document by Plaintiff in support of Motion Sequence No. 9. As Plaintiff's Affirmation includes only "I, J.L., affirm under penalty of perjury pursuant to CPLR § 2106 as follows," it certainly does not include a full and complete admonition as required by CPLR § 2106 and therefore lacks probative and admissible status for this Court to take same into consideration as an affirmation.
Similarly, Plaintiff's Affirmation of Service also fails to include the required admonition of CPLR § 2106, which would qualify it as a sworn admissible document by Plaintiff in support of Motion Sequence No. 9. As Plaintiff's Affirmation of Service includes only "I, J.L., am the Plaintiff in the above-captioned action, and I affirm under penalty of perjury that:," and "I affirm under penalty of perjury under the laws of the State of New York that the foregoing is true and correct," it also does not include a full and complete admonition as required by CPLR § 2106 and therefore lacks probative and admissible status for this Court to take same into consideration as an affirmation.
The Plaintiff's Affirmation of Service document is also unsigned in violation of the Court's rules,[FN13]
a rule which self-represented litigants are bound to as well as attorneys:
"Under the Rules of the Chief Administrative Judge, attorneys and parties are required to [*6]ensure that papers they prepare and sign are reviewed for accuracy, certifying by signing that the paper does not contain any false or frivolous authority or argument (see 22 NYCRR §§ 130-1.1, 130-1.1a). Parties appearing pro se are required to comply with the same rules, are afforded no greater rights than other litigants, and are expected to present legally competent evidence (see Matter of Martinez v Gaddy, 223 AD3d 816, 819 [2d Dept 2024]; Benedetto v Tannenbaum, 186 AD3d 1596, 1598 [2d Dept 2020]; Duffen v State, 245 AD2d 653, 653 [3d Dept 1997]). Courts utilize and expend significant time and resources in carefully reviewing all of the parties' submissions." (Gafni v. Rapid Foreclosure Refunds LLC, 87 Misc 3d 1241(A) [Sup Ct Queens Cty 2025]).Consequently, both Plaintiff's Affirmation and Plaintiff's Affirmation of Service, along with all supporting documents attached thereto, must be disregarded as unsworn and inadmissible documents submitted to this Court. As all motion documents submitted by Plaintiff in support of Motion Sequence No. 9 are deficient, Motion Sequence No. 9 must be denied in its entirety. Nonetheless, this Court will continue its analysis of the application as denial would be required even if the Plaintiff's submissions had complied with CPLR § 2106 and 22 NYCRR § 130-1.1a.
(b) Lack of Authority to Serve.
Pursuant to CPLR § 2308, remedies may be sought in the event a recipient of an authorized non-judicial subpoena has failed to comply:
"Unless otherwise provided, if a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply. A court may issue a warrant directing a sheriff to bring the witness before the person or body requiring his appearance. If a person so subpoenaed attends or is brought before such person or body, but refuses without reasonable cause to be examined, or to answer a legal and pertinent question, or to produce a book, paper or other thing which he was directed to produce by the subpoena, or to subscribe his deposition after it has been correctly reduced to writing, the court, upon proof by affidavit, may issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he submits to do the act which he was so required to do or is discharged according to law. Such a warrant of commitment shall specify particularly the cause of the commitment and, if the witness is committed for refusing to answer a question, the question shall be inserted in the warrant. [emphasis added]"CPLR § 2302 sets forth who has the authority to issue a subpoena without a court order providing the following instructions:
"Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, the attorney general, an attorney of record for a party to an action, an administrative proceeding or an arbitration, an arbitrator, a referee, or any member of a board, commission or committee authorized by law to hear, try or determine a matter or [*7]to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required; provided, however, that a subpoena to compel production of a patient's clinical record maintained pursuant to the provisions of section 33.13 of the mental hygiene law shall be accompanied by a court order. A child support subpoena may be issued by the department, or the child support enforcement unit coordinator or support collection unit supervisor of a social services district, or his or her designee, or another state's child support enforcement agency governed by title IV-D of the social security act. [emphasis added]"The Court of Appeals has held, "[t]he power to issue a subpoena exists only when it is expressly granted by the Legislature" (Reckless v. New York State Com'n of Quality of Care for the Mentally Disabled, 7 NY3d 555 [2006]). This holding has been followed with the lower courts determining that, "statues conferring subpoena power must be strictly construed" (In re Massar, 17 Misc 3d 531 [Sup. Ct. Broome Cnty 2007]); and vacatur of subpoenas issued beyond the lawful authority of the issuer is required (see Hirshfield v. Craig, 239 NY 98, [1924]; see also Temporary State Commission of Living Costs and Economy v. Bergman, 80 Misc 2d 448 [Sup Ct NY Cty 1975]).
Nothing in CPLR § 2302 permits a self-represented party during the pendency of an action or proceeding, or thereafter in post-judgment collection efforts to issue a subpoena. Upon review of a trial court decision which denied an application to hold the recipient of a subpoena in contempt for failure to comply, when such subpoena was served by a self-represented litigant seeking to recover funds as a judgment creditor, the Appellate Division Second Department affirmed providing the following rationale: "[t]he plaintiff, who is not an attorney and who appeared in propria persona, is not a person authorized to issue a subpoena without a court order (CPLR 3202, subd. [a]; cf. Schwartz v. Shapiro, Sup. 91 N.Y.SA.2d 771)" (Chopak v. Marcus, 22 AD2d 825 [2d Dept 1964]; see also Price v. State of New York, 4 Misc 3d 1008(A) [Ct. of Claims 2004]). Schwartz, Id., wisely notes, that a self-represented litigant is not without recourse to serve subpoenas, "[a] party to an action not represented by counsel is thus not deprived of his right to obtain witnesses for he may make proper application to a judge, justice or referee."
Here, Plaintiff's Affirmation and Plaintiff's Affirmation of Service both assert that Plaintiff served the Information Subpoena thereby issuing it without statutory authority pursuant to CPLR § 2302 as Plaintiff is a self-represented litigant not falling into any of the categories set forth in the statute, and therefore compliance may not be sought pursuant to CPLR § 2308. Accordingly, for this reason alone the relief sought must be denied.
(c) Manner of Service Improper.
Information subpoenas may be served in three separate manners. First, pursuant to CPLR § 5224(4), if written consent is provided by the intended recipient, service may be effectuated electronically:
"4. an information subpoena in the form of magnetic tape or other electronic means. Where the person to be served consents thereto in writing, an information subpoena in the form of magnetic tape or electronic means, as defined in subdivision (f) of rule twenty-one hundred three of this chapter, may be served upon the individual, or if a corporation, partnership, limited liability company, or sole proprietorship, upon the [*8]officer, director, agent or employee having the information."[FN14]
Next, pursuant to CPLR § 5224(3), "Service of an information subpoena may be made by registered or certified mail, return receipt requested," which also permits service pursuant to CPLR § 2303:
"CPLR 5224(a)(3) provides that service of an information subpoena may be made by registered or certified mail, return receipt requested (emphasis supplied). The use of the permissive 'may' signifies that the type of service set forth in CPLR 5224(a)(3) is an alternative means of service to CPLR 2303, the general provision governing service of subpoenae. The Legislature's choice of 'may' instead of 'shall' evinces a legislative intent to permit a choice between different means of service, not an attempt to mandate one exclusive means of serving information subpoenae, separate and distinct from the standard means of serving other types of subpoenae. Accord, Siegel, Practice Commentaries, McKinney's Cons.Laws of NY, Book 7B, CPLR C5224:2, at 221; Chase, Weinstein—Korn—Miller CPLR Manual, § 27.09[b] at 27—39; 6 Weinstein—Korn—Miller, New York Civil Practice, § 5224.05.Section 782—a(4) of the former Civil Practice Act permitted service of an information subpoena by ordinary mail. The CPLR's drafters substituted the current alternative service provisions of CPLR 5224 and CPLR 2303 in order to mandate service better calculated to insure actual receipt than ordinary mail. 6 Weinstein—Korn—Miller supra at § 5224.05, citing 3 N.Y.Adv.Comm.Rep. 257—58 (1959)" (Metropolitan Life Ins. Co. v. Young, 157 Misc 2d 452 [Civ. Ct. NY Ctny 1993]).As CPLR § 2303 directs that a subpoena "be served in the same manner as a summons," the issuer of a subpoena must turn to Article 3 of the CPLR to properly effectuate service on the intended recipient and with respect to post-judgment subpoenas issued pertaining to matrimonial actions, absent court order directing otherwise, such service must be completed by personal service (see CPLR § 308; see also DRL 232(a); Florestal v. Coleman-Florestal, 124 AD3d 578 [2d Dept 2015]).
The courts have held that compliance with the service requirements of CPLR § 5224(3) will not be met through Federal Express delivery (George v. 327-329 Development LLC, 2025 NY Slip Op. 33444(U) [Kings Sup Ct 2025] ["In any event, the manner of service was improper, as service was made by Federal Express rather than by registered or certified mail, return receipt requested as required by CPLR § 5224(a)(3)"]); or if served through first class mail (Island Associates Real Estate, Inc. v. Doukas, 39 Misc 3d 1241(A) [Sup. Ct. Suffolk Cnty 2013]). Notably, when service has been attempted to be made CPLR § 5224(3), by registered or certified mail, return receipt requested and returned as unclaimed, reservice is required pursuant to CPLR § 2303 (see Reingold v. Rowins, 60 Misc 3d 1230(A) [Sup. Ct. Suffolk Cnty 2018]).
Here, Plaintiff's Affirmation of Service asserts that service of the Information Subpoena [*9]was completed by United States Postal Service overnight delivery and by filing them on the New York State Courts Electronic Filing (hereinafter "NYSCEF") system. However, this Court has been presented with no proof, nor even claim, that Defendant has consented to electronic service, which would not authorize service by NYSCEF filing or other electronic means pursuant to CPLR § 5224(4). Both of Plaintiff's stated efforts to serve Defendant with the Information Subpoena have fallen short of the statute.
Similarly, overnight delivery does not satisfy the requirements of CPLR § 5224(3). Accordingly, for this reason alone the relief sought must be denied.
(d) Failure to Serve Copy and Original of Written Questions, and a Prepaid, Addressed Return Envelope.
As noted above, CPLR § 5224(a)(3) notes that an information subpoena shall be "accompanied by a copy and original of written questions and a prepaid, addressed return envelope." "The requirement that an original and a copy of the questions be enclosed is designated to enable the person served to keep a record of the event without undue burden" (54 NY Jur.2d Enforcement and Execution of Judgments § 230, citing Legislative Studies and Reports, Following CPLR § 5224). A lack of compliance with the inclusion of these items with the information subpoena will cause a motion to compel compliance with the information subpoena to fail:
"The information subpoenas served upon defendant and Deutsch each contain the language required by CPLR 5223 and CPLR 5224(3)(i)(NYSCEF Docs. 47 at 6, 56 at 6). However, the affidavits of service fail to establish that service of the information subpoenas had been accompanied by an original and a copy of the subpoena and a prepaid, addressed return envelope (see CPLR 5224[a][3]). Thus, plaintiff has failed to demonstrate its compliance with CPLR 5224(a)(3), and the branches of plaintiff's motions seeking to compel Deutsch and defendant to comply with the information subpoenas served upon them is denied" (Fixy 33 LLC v. Deutsch, 86 Misc 3d 1227(A) [Sup. Ct. NY Cnty 2025]).Here, both Plaintiff's Affirmation and Plaintiff's Affirmation of Service are devoid of any claim that Plaintiff served Defendant with either a copy and original of written questions; or a prepaid, addressed return envelope. Accordingly, for this reason alone the relief sought must be denied.
(e) Lack of Notice of Intended Recipient of Subpoena.
Finally, review of the Information Subpoena reflects that it was not noticed to a particular individual or entity. While the language immediately below the caption of this action reads "PLEASE TAKE NOTICE" there is not customary language prior to that which notes "TO:" followed by the intended recipient. Not merely a technical defect, this prevents clarity as to who the intended recipient was, Defendant, or another party or entity. Upon review of the Information Subpoena, much of the information sought pertains to "[Redacted]" and to the extent this subpoena was meant to be served upon an entity other than the judgment debtor, specific language must be included pursuant to CPLR § 5224(3). Lack of clarity as to who the intended recipient was provides further problems when seeking to obtain relief pursuant to CPLR § 2308 upon a claim of non-compliance, as the issuer must meet the requisite burden of proof which [*10]may be prevented by this ambiguity. 
B. Other Relief.
To the extent relief is not granted or otherwise addressed herein, it is hereby denied.
Accordingly, it is hereby
ORDERED that Motion Sequence No. 9 is hereby denied without prejudice; and it is further
ORDERED that to the extent any relief requested has not been granted or otherwise addressed herein, it is hereby denied; and it is further
ORDERED that by March 13, 2026, Plaintiff shall serve a copy of this Decision and Order with Notice of Entry on Defendant via certified mail; and by March 13, 2026 shall file a copy of the Notice of Entry and Affidavit of Service with a copy of the certified mail tracking slip.
The foregoing constitutes the Decision and Order of the Court.
Dated: March 9, 2026White Plains, New YorkENTER:HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:See, NYSCEF Doc. No. 1.

Footnote 2:See, NYSCEF Doc. No. 226.

Footnote 3:See, NYSCEF Doc. Nos. 229-230.

Footnote 4:See, NYSCEF Doc. Nos. 258-259.

Footnote 5:See, NYSCEF Doc. No. 260.

Footnote 6:See, NYSCEF Doc. No. 270.

Footnote 7:See, NYSCEF Doc. No. 273.

Footnote 8:See, NYSCEF Doc. Nos. 281-283.

Footnote 9:See, NYSCEF Doc. Nos. 284-285.

Footnote 10:See, NYSCEF Doc. Nos. 286-287.

Footnote 11:See, NYSCEF Doc. Nos. 292-293.

Footnote 12:See, NYSCEF Doc. Nos. 294-300.

Footnote 13:See, 22 NYCRR § 130-1.1a ["(a) Signature. Every pleading, written motion, and other paper, served on another party or filed or submitted to the court shall be signed by an attorney, or by a party if the party is not represented by an attorney, with the name of the attorney or party clearly printed or typed directly below the signature. Absent good cause shown, the court shall strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party."]

Footnote 14:See, CPLR § 2103(f)(2) [" 'Electronic means' means any method of transmission of information between computers or other machines designed for the purpose of sending and receiving such transmissions, and which allows the recipient to reproduce the information transmitted in a tangible medium of expression;"].